The People *ex rel.* Lawrence agt. Mann *et al.*

## SUPREME COURT.

THE PEOPLE *ex rel.* ALFRED LAWRENCE agt. ELIAS MANN *et al.*

*Justices of the peace — Persons over seventy years of age prohibited from holding such office — Practice — Writ of prohibition proper remedy — Constitution, article 6, section 13.*

Justices of the peace are "justices or judges of any court" within the meaning of section 13, article 6 of the constitution. Persons over seventy years of age are ineligible to office. Writ of prohibition is the proper remedy against a person acting as justice of the peace who is over seventy years of age.

*Orange County Special Term, January,* 1884.

MOTION upon temporary writ granted by justice DYKMAN for writ of prohibition against Mann, acting as a justice of the peace, in suit against relator on the ground that Mann is over seventy years of age.

*W. H. Ely*, for relator.

*Mr. Millard*, for respondents.

BROWN, J. — Elias Mann was elected a justice of the peace of the town of Greenburgh, Westchester county, for a term of four years, commencing January 1, 1884. He was seventy years of age on the 11th day of July, 1881. The question presented in this proceeding is, "Was he eligible to the office?"

Section 13, article 6 of the constitution, provides for the manner of choosing justices of the supreme court and judges mentioned in section 12, viz., judges of the superior court of New York, the superior court of Buffalo, the court of common pleas of New York, and the city court of Brooklyn. It then provides that the term of office of "said justices and judges" shall be fourteen years. Then follows the provision

that "no person shall hold the office of justice or judge of any court longer than until and including the last day of December next after he shall be seventy years of age."

It is clear, I think, that in construing this provision it is not to be restricted to the immediate context, for if such construction be adopted it would not apply to the judges of the court of appeals.

Moreover, in the cases of *People* agt. *Gardner* (45 *N. Y.*, 812), and *People* agt. *Brundage* (78 *N. Y.*, 403), the court of appeals held that the restriction applied to county judges, who are not named in immediate connection with this provision. In the latter case much stress is laid upon the legislative construction of this provision, given it by chapter 86, Laws of 1870.

By that statute the judges therein named are required to file with the secretary of state a certificate in which shall be stated the time when their official terms will expire, whether "by effluxion of a full term or by reason of disability of age." The officers named in this statute are those for whose election the secretary of state is required by law to give notice. A justice of the peace is not one of such officers, and is therefore not named in the statute. We do not obtain from this statute, therefore, the opinion of the legislature as to the application of the provision to the class of officers we are considering. But we do have, however, contemporary legislative construction to this effect: that the language of the constitution is not to be limited to its immediate context, but is to be given a broad and comprehensive meaning.

Giving to the language used, therefore, its broad, general meaning, the question whether this provision applies or not to justices of the peace depends on the fact whether such officers were " justices of a court " within the meaning of that term, as used in the constitution.

Provision is made by section 18 for the election of justices of the peace in the towns and cities of the state. Provision is also made in this section for the removal of " justices of the

peace and judges and justices of inferior courts not of record." It would seem from this expression as if a distinction was made between "justices of the peace" and "justices of inferior courts," but reading this provision in connection with section 19, I think the expression "judges and justices of inferior courts" has reference to the officers provided for in the latter section.

There are throughout the cities and villages of the state a number of local courts of civil and criminal jurisdiction, whose judges or justices are elected under special statutes, and who would not come within the general designation of justices of the peace, but do come within the designation of justices of inferior courts. The office of justice of the peace has existed since the formation of the state government, and in the year 1824 "courts of justices of the peace" were established by the legislature (*Chap.* 236, *Laws of* 1824.)

It was therein provided that "every such justice is hereby authorized to hold a court for the trial of all such actions, * * * and is hereby vested with all such powers for the purpose aforesaid, as is usual in courts of record in this state." This provision has remained a part of the law of the state ever since its enactment. It is embodied in the Revised Statutes of 1830 and in the Code of 1849, under titles designated "courts held by justices of the peace," and is substantially re enacted in the Code of Civil Procedure (*Sec.* 3.)

The statutes of the state, at the time of the adoption of the constitution, further provided for "special justices' courts," such as "the justices' court of the city of Albany" and "the justices' court of the city of Hudson." "A justices' court" or "a court of justices of the peace" therefore existed as one of the courts of the state in the different towns and cities throughout the state at the time of the adoption of the constitution, and the expression in the constitution "justices of a court" must be held, I think, to include the justices of such courts. It is certainly broad enough to include them, and as we have seen the judicial and legislative

construction given to this provision is that it is not to be restricted to the officers named in the immediate context, we can adopt no other interpretation, except to give it its broad meaning and include within it all officers that come within the general designation used. In *People* agt. *Gardiner*, FOLGER, J., says: "It is palpable that the intention of the convention was to place this limit of age upon the comparatively very extended term which they adopted and to guard against the possible evil which the lengthened term alone suggested as possible." If this was the only reason for the insertion of this restriction in the constitution, it would not apply to justices of the peace, as their terms of office were not extended, but I think the law was also based upon the assumption of incapacity on account of the age, for certainly a person at seventy years of age, who had served for a long term could not be said to have less capacity to perform the duties of his office than if he had served a short term.

But then there is nothing in the terms of the constitution to distinguish between the officer elected for a long term and the one elected for a short term, between the justice of the supreme court and the justice of the peace; both come within the broad, comprehensive term of "justices of a court," and both fall within the reason of the restriction, if it is assumed to be based on incapacity on account of age.

Certainly if there was wisdom in applying this restriction to the terms of the judicial officers of the state, no reason exists why it should not apply to those of the lower grades as well as to those of the higher courts.

My attention is called by the respondents to section 54 of the Code of Civil Procedure, which requires " judges of court, of record to file certificates of the time when their terms of office will expire, either by completion of a full term or by reason of the disability of age," and it is argued as justices' courts are not courts of record, that this section must be taken as indicating the opinion of the legislature that the provision under discussion does not apply to those officers. I do not

The People *ex rel.* Lawrence agt. Mann *et al.*

concur in this view, but I think that this section of the Code, which is a substitute for the law of 1870, hereinbefore referred to, is a further indication that the provision was intended to apply to judges of all courts.

The argument for the respondents is that justices' courts are, not mentioned or referred to in the constitution and therefore justices of the peace do not fall within the term "justices of a court;" but the same may be said of the marine court of New York, the surrogates' courts of the several counties, and the other courts mentioned in section 2 of the Code, all of which are now courts of record. It would seem from section 54 that in the opinion of the legislature the restriction as to age applied to judges of all courts of record. But if the restriction applies to surrogates, recorders of Utica and Oswego, and "justices of the justices' court of Albany," why not to justices of the peace generally? who, as I have shown, are "justices of a court."

At the time of the adoption of the constitution many of the courts mentioned in section 2 of the Code were not courts of record and are not mentioned or referred to in the constitution; yet clearly in the opinion of the legislature the constitutional restriction as to age applies to the judges of such courts.

I am unable to find in the language of the constitution, or in what seems to me to be the true reason of the restriction, anything upon which one class of judicial officers can be distinguished from another, and my conclusion is that it was intended to apply this restriction to the judges and justices of all the courts of the state whatever their grade or jurisdiction. Justices of the peace are clearly "justices of a court" within the fair meaning of that term, and fall within the restriction.

A final order must therefore be entered, awarding an absolute writ against the respondents, but without costs.