OPINION OF THE COURT
Memorandum.
The orders of the Appellate Division should be modified, without costs, by converting the proceeding to an action for a declaratory judgment and further declaring that chapter 296 of the Laws of 1984 is not applicable to this case and, as so modified, affirmed.
The proceeding, brought under the Election Law, was commenced by order to show cause seeking to have petitioner William H. Mountain’s and respondent William J. Gabler’s names placed on the ballot in the November 6, 1984 general election for the office of City Judge of the City of Olean. An appeal taken by intervener Andrew Scott Waterman is before this court pursuant to CPLR 5601 (subd [a], par [iii]) from an order of the Appellate Division, Fourth Department, dated December 5, 1984, which modified an order of Supreme Court, *716 Cattaraugus County, dated November 19, 1984. We grant respondent Anthony De Rose leave to appeal from an Appellate Division order of the same date which dismissed as moot his appeal to that court from the Supreme Court order.
In late 1983, Mountain became aware that Anthony De Rose, the incumbent Olean City Judge, was born on June 30, 1914, and, therefore, would become 70 years old on June 30, 1984. Believing that a vacancy would occur in the office of City Judge pursuant to section 23 of the Judiciary Law,[1] which would be filled at the general election to be held on November 6, 1984, Mountain publicly announced his candidacy for the office. Accordingly, he obtained and filed with the Cattaraugus County Board of Elections designating petitions for the September 11, 1984 primary election seeking positions on the ballot on the Democratic, Republican, Conservative and Right to Life Party lines. Respondent Gabler likewise filed designating petitions for the Democratic, Republican, Conservative and Liberal lines. No timely objections were filed to either candidate’s petitions within the time period required by section 6-154 of the Election Law. Thereafter, the Board of Elections forwarded notices of designation to each respective party, and both candidates filed timely acceptances of each designation. The primary was held and petitioner was declared the winner on each contested line, with Gabler winning the uncontested Liberal line.
On October 8, 1984, the Board of Elections sent an order to Straight Publishing Company to print all materials required for the general election. On October 23, 1984, however, respondent Vicki Scott, the Republican Commissioner of Elections, issued press releases declaring that she now “refused to certify” that an election for City Judge would be held. On October 26, Straight Publishing notified the Board of Elections that it would not print the ballot unless both Commissioners of Elections signed an agreement concerning the contents of the ballot. Commissioner Laura Bennett agreed to have the ballot printed, but Scott refused. On October 28, Mountain commenced this proceeding and obtained an order to show cause directing the Board of Elections to have the ballots printed and to program the voting machines to facilitate the election for City Judge. On November 1, Waterman, Chairman of the Olean City Republican Committee, was permitted to intervene to protect the rights *717 of the Republican Party. On November 6, the general election was held and Mountain declared the winner.
Thereafter, Special Term, with the consent of the parties, addressed the questions raised by the pleadings of the application of chapter 296 of the Laws of 1984 and the duration of the term of City Court Judge. The court initially held that Scott’s attempt, after the filing and acceptance of the designating petitions, to challenge the existence of a vacancy by refusing to consent to the printing of the ballots was untimely. The court rejected Judge De Rose’s argument that he need not vacate his office pursuant to recently enacted chapter 296 of the Laws of 1984.[2] The court concluded by declaring that petitioner, having been duly elected to fill the prospective vacancy, should only serve as City Judge from January 1,1985 through December 31, 1985, this period representing the remaining portion of Judge De Rose’s term.
The Appellate Division dismissed Judge De Rose’s appeal as moot. On appeals taken by Mountain and Waterman, the court modified Special Term’s order by deleting the provision limiting Mountain’s term to one year and substituting therefor a provision declaring that Mountain was elected to a full four-year term to run from January 1, 1985 through December 31, 1988.
We now treat these appeals as submitted pursuant to rule 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4) and modify the Appellate Division orders by converting the proceeding into an action for a declaratory judgment and further declaring that chapter 296 of the Laws of 1984 is not applicable to this case. As so modified, we affirm.
Section 12 of chapter 296 of the Laws of 1984 provides that the act will take effect on January 1,1985. Accordingly, because section 23 of the Judiciary Law mandates that Judge De Rose leave office on the last day of the year in which he reaches 70 years of age (Dec. 31, 1984), the act is not applicable to his situation. In so holding, we do not reach the question whether chapter 296 has any applicability to section 23 of the Judiciary Law.
*718 With respect to the length of Mountain’s elected term, appellants rely on chapter 351 of the Laws of 1969 (Olean City Ct Act)[3] in arguing that the person elected to fill the vacancy created by Judge De Rose’s prospective retirement should only fill out the remainder of his unexpired term. This court decided early on, however, that the mandatory retirement of a Judge does not create a vacancy, but, rather, causes the retiring Judge’s term to expire (People ex rel. Joyce v Brundage, 78 NY 403). Thus, chapter 351, dealing with the filling of an unexpired term, is inapplicable. Upon the expiration of Judge De Rose’s term on December 31,1984, petitioner, when he is sworn in, will commence to serve a full four-year term.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), orders modified, without costs, in accordance with the memorandum herein and, as so modified, affirmed.

. Section 23 of the Judiciary Law provides in part: “No person shall hold the office of judge, justice or surrogate of any court, whether of record or not of record, except a justice of the peace of a town or police justice of a village, longer than, until and including the last day of December next after he shall be seventy years of age”.

. Chapter 296, described in its preamble as “an act to amend the executive law, the retirement and social security law and the education law, in relation to discrimination in employment because of age”, inter alia, amends section 530 of the Retirement and Social Security Law to provide that: “no member of a public retirement system or pension fund maintained by the state or a municipality thereof, nor any employee who was eligible to join such a public retirement system but in lieu thereof elected an optional retirement program to which his or her employer is thereby obligated to contribute, shall be required to retire or separate from service on the basis of age”.

. The Olean City Court Act provides that: “A vacancy in the office of city judge or acting city judge shall be filled by appointment by the mayor with approval of the council until the commencement of the calendar year next succeeding the first annual election occurring after the creation of the vacancy. At such annual election there shall be a city judge elected to fill the remainder of the unexpired term” (emphasis added).