THE PEOPLE ex rel. JOHN T. JOYCE et al., Appellants, v.
FRANK BRUNDAGE, Respondent.

The provision of the State constitution (art. 6, § 13), declaring that "no
person shall hold the office of judge or justice of any court" after the last
day of December next after he reaches seventy years of age, applies to
county judges.   •
Said provision creates a limitation of the term of office prescribed, applica-
ble when the incumbent attains the age specified before the expiration
of a full term; in which case his term expires the last day of December
succeeding his arrival at that age.
Where, therefore, a county judge who was elected in 1873, and entered
upon the duties of his office January 1, 1874, arrived at seventy years
of age in November, 1878, held, that his term expired on the last day
of December, 1878; and that defendant, who was elected county judge
at the general election in 1878 was entitled to the office.

(Argued October 10, 1879; decided October 14, 1879.)

APPEAL from judgment of the General Term of the
Supreme Court, in the fourth judicial department, affirming
a judgment in favor of defendant, entered upon a decision
of the court on trial without a jury.

This action was in the nature of a *quo warranto*, to deter-
mine the title to the office of county judge of Niagara
county.

The relator claimed under an appointment by the governor
made March 8, 1879.   Defendant claimed under an election
at the general election held in November, 1878.

The facts appear sufficiently in the opinion.

*E. W. Paige*, for appellants.   The provision of the con-
stitution that no person shall hold the office of justice or
judge longer than including the last day of December next
after he shall be seventy years old (art. 6, § 13) creates a
personal disability to hold the office, but does not effect a
change in the term thereof.   (*People ex rel. Fowler* v. *Bull*,
46 N. Y., 57; *People ex rel. Healy* v. *Leask*, 67 id., 522.)
The term of an office is not limited by any disability on the

404          People ex rel. Joyce et al. v. Brundage.          [Oct.,

Opinion of the Court, per Church, Ch. J.

part of the incumbent. (*Speed* v. *Crawford*, 3 Metc. [Ky.], 208; *Baker* v. *Kirk*, 33 Ind., 517.) The relator was regularly appointed and commissioned, and has duly qualified. (Laws 1867, chap. 335 ; 7 Edm. Stat., 84; 1 R. S., 108, 120; Const., art. 12.)

*T. E. Ellsworth*, for respondent. Under the provisions of article 6 of the State constitution, the last day of December next after a justice or judge of any court becomes seventy years of age is an expiration of the term of office, and not a vacancy. (*People ex rel. Jackson* v. *Potter*, 47 N. Y., 379, 380, 385: *People ex rel. Davis* v. *Gardner*, 45 id., 819, 820.)

Church, Ch. J. It was suggested on the argument that an early decision of this case is desirable, to enable the electors of Niagara county to fill the office of county judge at the ensuing election, if the decision should be adverse to the defendant. We have therefore given the case as full an examination and consideration since the argument, as the limited time intervening would permit.

Levi F. Bowen was elected county judge in November, 1873, and entered upon the duties of his office January 1, 1874. He arrived at seventy years of age in November, 1878. The defendant was elected county judge at the general election of 1878, and entered upon his duties January 1, 1879. The question is whether the *term* of Judge Bowen expired on the last day of December, 1878, by reason of his having before that arrived at the age of seventy, or whether that circumstance created a vacancy, to be filled in the way provided by law.

If his *term* expired the election of the defendant in the fall of 1878 is conceded to have been regular ; if not, it was unauthorized.

Article 6, section 15, of the constitution provides: " The existing county courts are continued, and the judges thereof in office at the adoption of this article, shall hold their offices

until the expiration of their respective terms. Their successors shall be chosen by the electors of the counties, for the term of six years."

Article 6, section 13, provides : " But no person shall hold the office of judge or justice of *any* court, longer than until and including the last day of December next after he shall be seventy years of age." It has been held that this provision applies to county judges (*People* v. *Gardner*, 45 N. Y., 812), and its general language "judge or justice of *any* court" would necessarily include that officer. Does this provision create a limitation or qualification of the *term* prescribed, or is it merely a personal disability creating a vacancy, like death, removal, etc. Aside from the merits as an original question, the tendency of legislative and judicial construction has been in favor of the defendant's contention, that the provision last quoted operates to limit the term of six years prescribed for this office. By chapter 86, of the Laws of 1870, passed to carry into effect some of the provisions of the new judiciary article, it was provided that certain judges, expressly including judges of county courts, " shall within ten days after he enters on the duties of his office, make and sign a certificate in which he shall state his age, and the time when his official *term will expire*, whether by effluxion of a full term, or by reason of the disability of age prescribed in the constitution." (§ 8.) This certificate is required to be filed in the office of the secretary of State and that officer must keep a record of the time of the commencement and termination of the official *term* of every such judge. It is very clear from this statute that the Legislature understood the disability of age as a restriction upon the *term*, and they provided means of making it certain, and of preserving record evidence of the fact. This statute is confirmed by section 54, of the Code of Civil Procedure, in which these provisions are substantially re-enacted, the language being that the certificate shall state " the time when his *official term* will expire, either by completion of a full term, or by reason of the disability of age, prescribed by the constitution."

These expositions are entitled to great weight, as they evince the sense in which the language was understood at the time. It is not unlikely that the Legislature was composed of some of the same persons who composed the constitutional convention. At all events the discussions in and out of the convention were then fresh, and the Legislature would naturally be governed by considerations similar to those which actuated members of the convention. This construction is in harmony with the views expressed in the convention. The disability of age was considered when the question of the extent of the term was under consideration, and in fixing long terms for judicial officers, it was deemed wise, instead of prohibiting the election of those who were too old to serve the full period, to limit the term in such cases to the length of time they could serve. The weight to be given to contemporaneous construction is well expressed by MARCY, J., in *People* v. *Green* (2 Wend., 274). He says : " Great deference is certainly due to a legislative exposition of a constitutional provision, and especially when it is made almost contemporaneously with such provision, and may be supposed to result from the same views of policy, and modes of reasoning which prevailed among the framers of the instrument propounded."

The same doctrine has been frequently reiterated. (*Coutant* v. *People*, 11 Wend., 513; *People ex rel. Williams* v. *Dayton*, 55 N. Y., 378.)

This precise point has not been before this court, but in *People* v. *Gardner* (*supra*), FOLGER, J., in delivering the opinion of this court said : " It is palpable that the intention of the convention was to place this limit of age upon the comparatively very extended *term* which they adopted, and to guard against the possible evil which the lengthened *term* had alone suggested as possible." This construction was also adopted by the secretary of State, in giving notice of an election in 1878, and acquiesced in by the relator as well as the defendant in taking an active part in the election as a candidate. With this weight of authority legislative and

judicial, we should not feel justified in giving the clause a different construction, unless it clearly appeared to be erroneous. It may be true that there was not the same reason for applying this limitation to the term of a county judge who could hold only six years, as to judges of the Supreme Court, and Court of Appeals, whose term is fourteen years, but as the language of the constitution clearly includes them, the same construction must be applied to them.

It is unnecessary to inquire why county judges were excepted from the ninth section of the act of 1870, as the only effect of it is to leave them to be chosen according to previous laws which provide for their election at the general election previous to the expiration of their *term*, and the question comes back when that occurs. A term of office is a fixed period prescribed for holding the office. The causes which create a vacancy to be filled by appointment are uncertain, unknown, and contingent, but the term is made certain by specification. The limitation of age is as certain as the specification of the number of years, and the Legislature has provided record evidence of the fact for the purpose of making the period known. In the case of Judge Bowen it was as certain and as well known that he was elected for a term of five years, as if that period had been specified in the constitution, and to distinguish it from a cause which creates a vacancy, he was permitted to hold until the commencement of the political year after the disability occurred, presumably for the purpose of enabling the electors to fill the office at the previous general election in the same manner as if the full term had expired. Criticism has been made upon the different expressions used in the clauses of the constitution. One is that county judges shall be chosen " for the term of six years," and the other that no person shall hold *the office* longer than he attains the age of seventy. But the language has the same legal meaning. They both prescribe the period of holding the office. Collating the two clauses the substance is that a county judge shall hold his office for six

years unless before that period expires he attains the age of seventy, in which case he shall hold the office only until the last day of December succeeding the time when he arrives at that age.    Both clauses relate to the term of office, and apply equally to all persons, but the term may be shorter for some than others, depending upon a known and certain event.    To this extent it is personal, but it is not personal in the sense that an officer may vacate his office upon the happening of those unknown and uncertain events which constitute vacancies in office.

The authorities cited in behalf of the appellant are not applicable.    The constitution might have been more explicit, but for the reasons thus briefly expressed, we are of opinion that the election of the defendant was valid, and it follows that the judgment must be affirmed.

All concur.

Judgment affirmed.