OF THE

## STATE OF WASHINGTON,

AT THE

## OCTOBER SESSION, 1894.

[No. 1541.  Decided October 6, 1894.]

THE STATE OF WASHINGTON, *on the relation of W. F. Hays, Appellant,* v. FRANK TWICHELL, *Auditor of King county, Washington, Respondent.*

COUNTY COMMISSIONERS — TERMS OF OFFICE — CONSTITUTIONAL
LAW.

The act of March 26, 1890, providing that counties shall be divided into commissioner's districts and county commissioners elected therein, and the act of February 28, 1891, fixing the term of office of county commissioners in the various districts, do not violate art. 6, §8 of the constitution providing that the election of county and district officers must be held biennially, as such section must be construed in connection with art. 11, §5 of the constitution which authorizes the legislature to provide for the election of county commissoners and fix their terms of office.

*Appeal from Superior Court, King County*

*Thompson, Edsen & Humphries,* and *B. K. Knapp,* for appellant.

*S. H. Piles,* and *Charles F. Munday,* for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.— This is an action brought by appellant, as relator, against the auditor of King county, for a per-

(530)

emptory writ of mandate compelling said auditor to place upon the Populist ticket to be voted at the coming election the name of J. T. Kenworthy, who was duly and regularly nominated for commissioner for the first district in and for said King county.

The petition alleges all the facts necessary to give the court jurisdiction of the case and petitioner a standing in court, providing his construction of the law is a correct one. Among other things it alleges that the said county of King had been divided into three districts, as provided by law, prior to the general election of 1892, and that one Fred Gasch was duly elected as commissioner of said first district at said election.

An alternative writ of mandate was issued requiring said auditor to show cause why he should not place the name of said Kenworthy upon said ticket. He answered said writ, and gave as a reason that under the laws of the State of Washington the term of Fred Gasch as such commissioner would not expire until January 10, 1897, and that no commissioner was to be elected for said first district at said coming election. The relator demurred to said answer and the court overruled the demurrer, and held the answer good. The relator elected to stand upon the petition, and refused to plead further. Judgment was rendered on the demurrer, and the case is brought here on appeal.

It will thus be seen that the question under consideration is whether, under § 5, art. 11 of the constitution, the legislature had the power to pass the law of March 26, 1890 (Laws 1889–90, p. 317), which provides for the districting of counties into commissioner districts and the election of county commissioners in said districts, and the law of February 28, 1891 (Laws, p. 116), which provides as follows:

"SEC. 2. The commissioner elected from districts No. 1

shall serve four years, and the commissioners elected from districts Nos. 2 and 3 shall serve two years each.

"SEC. 3. At the next general election thereafter there shall be a commissioner elected from the districts, No. 2 to serve four years, and a commissioner elected from districts No. 3 to serve two years.

"SEC. 4. At the next general election thereafter there shall be a commissioner elected from the districts, No. 3 to serve four years, and a commissioner elected from districts No. 1 to serve two years."

Sec. 5, art. 11 of the constitution is as follows:

"The legislature, by general and uniform laws, shall provide for the election in the several counties of boards of county commissioners, sheriffs, county clerks, treasurers, prosecuting attorneys, and other county, township or precinct and district officers, as public convenience may require, and shall prescribe their duties and fix their terms of office."

If this section of the constitution were to be construed alone it would seem that no question could be raised in the mind of any one concerning the power of the legislature to fix the terms of office of the officers mentioned in said section, but it is contended by appellant that when construed in connection with § 8 of art. 6 of the constitution, which provides that "The first election of county and district officers, not otherwise provided for in this constitution, shall be on the Tuesday next after the first Monday in November, 1890, and thereafter all elections for such officers shall be held biennially on the Tuesday next succeeding the first Monday in November," that the phrase "fix the term of office," in § 5, must be construed to only give power to the legislature to fix the date of the commencement and the date of the expiration of the period for which such officers shall hold, and that it does not give the legislature power to prescribe the duration and length of the period during which such officers shall hold their office.

The term "fix their term of office" is so clear and un-

ambiguous that it seems to us it is scarcely susceptible of construction, and that the language employed will not warrant the construction that it was simply the date of the commencement and the date of the expiration of the period, nor do we think there is anything in § 8 of art. 6 which would lead to such a construction. That section does not attempt to provide for the duration of the terms of county and district officers, but simply provides a time at which the election for such officers shall be held. With this construction, the provisions of § 8 of art. 6, and § 5 of art. 11, are made to harmonize, but with the other construction there would be a plain conflict in the provisions of the two different sections, for the expression "term of office" is so definite and so well understood that it cannot receive the construction contended for by appellant that it refers simply to the commencing and ending of the term.

"Term," as applied to time, signifies a fixed period, a determined or prescribed duration. 25 Am. & Eng. Enc. of Law, p. 949. A term of office is a fixed period prescribed for holding office. *People v. Brundage*, 78 N. Y. 403. The word "term" when used with reference to the tenure of office ordinarily refers to a fixed and definite time. Mechem, Pub. Officers, § 385. In fact, the expression "term of office" so clearly defines itself, the words used are so well understood, and their meaning so generally accepted, that, is useless to attempt to further define it.

It is argued by appellant that the legislature might abuse its discretion, and fix the term of office to extend over the lifetime of the person holding the office. But the legislature, acting in response to the will of the people, would probably reflect their desires in this respect, and if it did not, the wisdom of the action of the legislature is a subject over which this court has no control, while such action is within constitutional limitations.

In this case we think the legislature had full power to

enact the laws complained of, and the judgment of the lower court will, therefore, be affirmed.

ANDERS, SCOTT, HOYT and STILES, JJ., concur.