[No. 3852.   Decided April 1, 1901.]

THE STATE OF WASHINGTON *on the Relation of W. J. Meredith* v. BOYD J. TALLMAN, *Judge of the Superior Court of King County.*

WRIT OF REVIEW — WHEN LIES — INADEQUATE REMEDY BY APPEAL.

Where a remedy by appeal would be of no avail to one ousted from office by a judgment of the superior court, by reason of the fact that his right to the office would terminate before a hearing could be had on appeal, the supreme court has jurisdiction by writ of review to examine and correct the action of the lower court.

COUNTY OFFICERS — TERM OF OFFICE — EXTENSION OF TERM.

Where a county superintendent of schools was elected to office under a statute which provided that his "term of office shall begin on the second Monday in January next succeeding his election and continue for two years and until his successor is

elected and qualified" and during his term the law was so changed as to make the term "begin on the first Monday in August next succeeding his election," such county superintendent is entitled to hold the office until the qualification of his successor for the term beginning in August, although thereby his term is made greater than two years, since under the provisions of the statute whereby he holds office he was to continue therein for more than two years, in case his successor was not elected and qualified, and consequently the statute deferring the beginning of his successor's term from January to August would not be in violation of art. 11, § 8, of the constitution, which prohibits the extension of the term of any county officer beyond the period for which he was elected.

SAME.

The fact that the incumbent has held office for two terms, and that the constitution (art. 11, § 7) declares that "no county officer shall be eligible to hold his office more than two terms in succession," is immaterial, since his term does not end until his successor is elected and qualified.

SAME — FAILURE TO GIVE NEW BOND — EFFECT.

The fact that an incumbent of a county office failed to give a new bond after the expiration of the two years would not disqualify him for the office, since Bal. Code, § 1518, makes the old bond sufficient, during the time such officer shall continue to hold such office.

*Original Application for Writ of Review.*

*Byers & Byers,* for relator.

*Root, Palmer & Brown,* for respondent.

The opinion of the court was delivered by

MOUNT, J.—The legislature of 1899 passed an act amending § 30 of the code of public instruction so that the beginning of the term of the office of county superintendent of public instruction should be on the first Monday of August next after his election, instead of the second Monday of January, as heretofore. The relator was elected to said office in King county in November, 1896, and re-elected in November, 1898. In November,

1900, his successor was elected, to take office the first Monday in August. On the second Monday of January, 1901, the county commissioners of King county declared the said office vacant, and appointed W. G. Hartranft thereto. Said Hartranft, having duly qualified and having filed his bond, demanded possession of said office, which demand was by relator refused. Thereupon said Hartranft filed his petition in the superior court of King county, setting up the foregoing facts, and praying that said Meredith be ousted from said office and that he be settled therein. Said cause came on for hearing before said court upon a demurrer to said petition, which demurrer was by the court overruled, and judgment entered on January 30, 1901, ousting relator and placing said Hartranft in possession of said office; the court concluding, under the law and the facts above stated, that a vacancy existed in the office of said superintendent of King county on the said 14th day of January, 1901. A petition for a writ of review is now filed in this court, alleging substantially the facts above stated, and that petitioner's remedy by appeal is wholly inadequate, for the reason that before the appeal could be perfected, heard, and determined, relator's right to hold said office would have terminated.

Motion is filed by respondents to dismiss for want of jurisdiction. This motion and the merits of the case are argued together. It was held by this court in *State ex rel. Cann v. Moore*, 23 Wash. 276 (62 Pac. 769), that where an appeal would not be available this court would assume jurisdiction. The motion to dismiss will therefore be denied.

When relator was elected, in 1898, the law then in force was as follows:

"A county superintendent of common schools shall be elected in each county of the state at each general election,

whose term of office shall begin on the second Monday in
January next succeeding his election and continue for two
years and until his successor is elected and qualified." Bal.
Code, § 2301.

This section was amended during the term of office of
relator so as to read as follows:

"A county superintendent of common schools shall be
elected in each county of the state at each general election,
whose term of office shall begin on the first Monday in
August next succeeding his election and continue for two
years and until his successor is elected and qualified."
Laws 1899, p. 311.

Section 5 of article 11 of the state constitution provides
that the legislature shall provide for the election of county
officers, "and shall prescribe their duties and fix their terms
of office." By § 8 of the same article it is provided:

"The salary of any county . . . officer shall not
be increased or diminished after his election, or during his
term of office; nor shall the term of any such officer be ex-
tended beyond the period for which he is elected or ap-
pointed."

The respondent insists that the amendment above named
extends the term of office of the relator from January until
August, and for that reason is void, and also that the term
was fixed by § 2301, Bal. Code, as amended *supra,* at two
years, ending on the second Monday in January, 1901, and
that the interim between the second Monday in January
and the first Monday in August, 1901, was not provided
for, and a vacancy therefore existed, which the county
commissioners had authority to fill by appointment. It
is clear, under the section of the constitution above referred
to, that the legislature has authority to fix the term of such
office. It is also clear that when the legislature has once
fixed the term of an office a subsequent act of the legisla-
ture cannot extend such term so that one in office may hold

such office for a longer term than he was elected. This court, in *State ex rel. Hays v. Twichell,* 9 Wash. 530 (38 Pac. 134), uses this language:

" 'Term,' as applied to time, signifies a fixed period, a determined or prescribed duration. 25 Am. & Eng. Enc. Law, p. 949. A term of office is a fixed period prescribed for holding office. *People v. Brundage,* 78 N. Y. 403. The word 'term,' when used with reference to the tenure of office, ordinarily refers to a fixed and definite time. Mechem, Public Officers, § 385. In fact, the expression 'term of office' so clearly defines itself, the words used are so well understood, and their meaning so generally accepted, that it is useless to attempt to further define it."

When, therefore, the legislature used the words, "whose term of office shall begin on the second Monday in January next succeeding his election and continue for two years and until his successor is elected and qualified," it was not meant thereby that his term of office should be two years and no more. The phrase, "and until his successor is elected and qualified" means something. It was not used idly. If so, the term was not fixed at two years and no more, but was two years and more; the further time depending upon the contingency not only of an election, but also of the qualification of the person elected, which might be one day, one month, or any number of months. A person elected to an office, with the term so fixed at two years and such further time, would be entitled to hold the full two years and such further time, viz., until his successor had been elected and also had qualified. In this instance the successor had been elected, but could not lawfully qualify until August. The legislature had power to fix the time when a successor should qualify, by reason of the power to fix the term, and, not having theretofore fixed the end of the term at any "definite time" or "fixed period," could not be held to have extended the term beyond

the period for which relator was elected.   The authorities are full and clear upon these questions.   Throop, Public Officers, § 431, says:

"In such cases there is, in fact, no vacancy, because the officers of the preceding year hold the offices, until others are chosen or appointed in their places, and have qualified. An office cannot be said to be vacant, while any person is authorized to act in it, and does so act."

To the same effect, see Mechem, Public Officers, §§ 126, 128, 130.   The case of *Commonwealth ex rel. Broom v. Hanley,* 9 Pa. St. 513, is a leading case.   In that case one Brooks had been elected to the office of clerk of the orphans' court, but died before qualifying.   The incumbent at the time, and who would have been succeeded by said Brooks, claimed the right to hold office until another general election, because there was no vacancy in the office by the death of Brooks, who had failed to qualify; and the court held, under a constitutional provision that "they shall hold their offices for three years  .  .  .  and until their successors shall be duly qualified," that there was no vacancy in the office.   To the same effect are the following: *Gosman v. State,* 106 Ind. 203 (6 N. E. 349); *State ex rel. Carson v. Harrison,* 113 Ind. 434 (16 N. E. 384, 3 Am. St. Rep. 663); *State v. McCracken,* 51 Ohio St. 123 (36 N. E. 941); *State v. Howe,* 25 Ohio St. 588 (18 Am. Rep. 321); *State ex rel. Tredway v. Lusk,* 18 Mo. 334; *People ex rel. Andrews v. Lord,* 9 Mich. 226; *People ex rel. Baird v. Tilton,* 37 Cal. 614; *People ex rel. Parsons v. Edwards,* 93 Cal. 153 (28 Pac. 831); *People ex rel. Murphy v. Hardy,* 8 Utah, 68 (29 Pac. 1118); *Eddy v. Kincaid,* 28 Ore. 537 (41 Pac. 156); *State ex rel. Wagner v. Compson,* 34 Ore. 25 (54 Pac. 349); *State ex rel. Attorney General v. Ranson,* 73 Mo. 78; *Badger v. United States ex rel. Bolles,* 93 U. S. 599. The case of *King County v. Ferry,* 5 Wash. 536 (32 Pac.

538, 19 L. R. A. 500, 34 Am. St. Rep. 880), relied upon by respondent, has no application here. The question in that case was whether sureties upon an official bond could be held liable after the expiration of the term of office of the principal, when the term had actually been extended. The case was decided by the court upon the conceded fact that the term had been extended by legislative act, and the court did not decide that question at all. Under the law as it then existed, there was no constitutional inhibition against extension, and the language employed in the decision was directed only to the question of liability of sureties upon the bond in question.

Respondent urges that relator, having held two full terms, was disqualified to hold over. What we have said applies equally to this question, because the term does not end until the successor is elected and qualifies. The fact that relator had not given a new bond after the expiration of his second two years makes no difference, because the statute (Bal. Code, § 1518) makes the old bond sufficient.

It follows, therefore, that there was no vacancy in the said office. The lower court should have sustained the demurrer and dismissed the petition. The cause is reversed, with direction to the lower court so to do.

REAVIS, C. J., and DUNBAR, ANDERS, and FULLERTON, JJ., concur.