[No. 19107.   Department Two.   March 24, 1925.]

THE STATE OF WASHINGTON, *on the Relation of J. D. Ross, Plaintiff,* v. HARRY W. CARROLL, *as City Comptroller of the City of Seattle, Respondent.*[1]

MUNICIPAL CORPORATIONS (60, 71)—OFFICERS—TERM OF OFFICE—HOLDING OVER—COMPENSATION—INCREASE OF SALARY.  Where a city charter created the office of superintendent of lighting with a fixed term of three years, beginning with January 1st, 1912, a hold-over incumbent in the year 1924, who was by ordinance appointed in June, 1924, for a three-year term to begin July, 1924, was in fact appointed and holding for the three-year term legally commencing on January, 1924; the salary of which could not be increased by an ordinance passed at the time of his appointment, in violation of the Const., Art. XI, § 8, prohibiting an increase during the term.

Appeal from a judgment of the superior court for King county, Frater, J., entered November 25, 1924, upon findings in favor of the defendant, dismissing an action to compel the issuance of warrants in payment of a city officer's salary, tried to the court.  Affirmed.

*Preston, Thorgrimson & Turner,* for appellant.

*Thomas J. L. Kennedy* and *Walter B. Beals,* for respondent.

HOLCOMB, J.—This appeal is from a judgment in a mandamus proceeding brought by relator to compel the issuance of warrants in payment of his salary as superintendent of lighting of Seattle, at the rate of $7,500 per annum, instead of $6,000 per annum as claimed by respondent.  The lower court gave judgment in favor of respondent upon the theory that the term of office for which relator was appointed had begun prior to the passage and taking effect of the ordinance raising the salary of the office from $6,000

[1]Reported in 234 Pac. 22.

to $7,500. The ordinance raising the salary of the office from $6,000 to $7,500 became effective June 23, 1924. Relator was appointed June 23, 1924, the instrument of appointment specifying "for the term of three years from July 1, 1924." Appellant qualified prior to July 1, 1924, and this proceeding is to compel payment of the salary at the rate specified by the ordinance from July 1, 1924.

The third finding made by the court is as follows:

"That by an amendment to the charter of the city of Seattle regularly adopted by vote of the electors of said city in the month of March, 1910, there was created in the government of said city the position of superintendent of lighting; that thereafter relator, J. D. Ross, was, pursuant to the charter of said city, to-wit, on February 21, 1911, appointed superintendent of lighting of said city for the balance of the unexpired term of said office, which term expired December 31, 1911; that thereafter, to-wit, January 2, 1912, relator, J. D. Ross, was again appointed to said position for a term of office which commenced January 1, 1912, and expired December 31, 1914; that relator was again, to-wit, December 19, 1914, appointed to said office for a term of three years, which term expired December 31, 1917; that thereafter said relator was again, to-wit, December 22, 1917, appointed to said office for a three year term which expired December 31, 1920; that thereafter said relator was again, to-wit, January 31, 1921, appointed to said office for a term of three years, which term expired December 31, 1923; that thereafter, to-wit, June 24, 1924, relator was again appointed to the said office for a term of office, which term commenced January 1, 1924, and will expire December 31, 1927."

Appellant excepted to the foregoing finding, but states that there is but one question in this case, and that there is really no dispute about the facts. He asserts that, instead of the term of office of superintendent of lighting to which he was last appointed commencing January 1, 1924, it commences either on

June 23, 1924, the date of his appointment, or on July 1, 1924, the date when it was to commence by its stated terms.

Respondent contends that, under the charter of Seattle, there is a fixed term of office of superintendent of lighting, commencing January 1, 1924, for three years, expiring December 31, 1926; that it was that fixed term of office to which appellant was appointed after its commencement, and that the ordinance increasing the salary of the office after January 1, 1924, was invalid under the provisions of the constitution and city charter forbidding increases of salary of officers during the term for which they are appointed.

The constitutional provision applying, Art. XI, § 8, reads:

"The salary of any county, city, town, or municipal officers shall not be increased or diminished after his election or during his term of office, nor shall the term of any such officer be extended beyond the period for which he is elected or appointed."

The applicable provisions of the city charter are as follows:

"The salary of an appointive or elective officer shall not be increased after his appointment or election or during the term for which he shall have been appointed or elected." Art. XVII, § 2, Seattle Charter.

"There shall be a city engineer, a superintendent of streets, and sewers, a superintendent of water works, a superintendent of lighting, a superintendent of buildings and a superintendent of public utilities, each of whom shall be appointed by the mayor by and with the advice and consent of the city council, for the term, except as herein otherwise provided, of three years." Id., Art. XIII, § 6.

"In the department of public works there shall be a department of lighting, the head of which shall be the superintendent of lighting. He shall be appointed by the mayor, by and with the advice and consent of

the city council, for a term, except as herein otherwise provided, of three years." Id., Art. VIII, § 9.

"The incumbent of the office of superintendent of lighting and water works, at the time of the taking effect of this section, shall continue in office as superintendent of water works until the 31st day of December, 1910; provided that nothing herein contained shall be construed to confer on such incumbent any right to continue in virtue of his original appointment as superintendent of lighting and water works. At the first meeting of the city council after the first day of April, 1910, the mayor shall appoint a superintendent of lighting whose term of office shall expire December 31, 1911." Id., Art. VIII, § 9.

"Unless otherwise expressly provided in this charter, and expressly subject to the provisions of Article XVI, thereof, the term of every appointive officer shall expire at the same time at which the terms of the elective officers for the current term shall expire." Id., Art. XIX, § 4.

"An office becomes vacant on failure to qualify within the time limited by the charter, upon the death or removal from office or resignation of the incumbent, or his removal from or absence from the city for sixty days without leave of the city council, or upon an adjudication of insanity by a court of competent jurisdiction; by a conviction of drunkenness, or by any permanent disability, preventing the proper discharge of his duty." Id., Art. XIX, § 7.

"If any appointive office becomes vacant, the same shall, except as otherwise provided in this charter, be filled in the same manner as if at the beginning of the term, and the person appointed to fill the vacancy shall hold for the unexpired term." Id., Art. XIX, § 8.

"Every appointive officer shall hold office until his successor is appointed and qualified, except as otherwise in this charter provided." Id., Art. XIX, § 12.

"Whenever the mayor shall remove an appointive officer, the vacancy for the unexpired term shall be filled by appointment in the same manner as if at the beginning of the term, except as otherwise provided in this charter." Id., Art. V, § 6.

Appellant insists that, if the beginning or ending of the term of an appointive officer is not fixed by law, and the duration of the term is fixed, the appointment will be for the duration of time as fixed by the appointment.

That contention assumes a condition incorrect to begin with. As seen in the provisions of Art. VIII, § 9, of the city charter, the beginning of the term of office of superintendent of lighting was fixed to begin in April, 1910, and the termination thereof December 31, 1911. The next term would, therefore, begin January 1, 1912. By the terms of Art. XVII, § 2, and Art. VIII, § 9, Seattle Charter, the term of office of the superintendent of lighting was fixed at three years. By the terms of Art. XIX, § 12, Seattle Charter, appointive officers, such as relator, hold office until their successors are appointed and qualified. The term of office was thus *fixed by law*. The term of the superintendent of lighting is three years and it has never become vacant. By appointments before the one now in question, from January 1, 1912, relator filled the office for each three-year term. While he was not appointed at the beginning of the term for the term preceding the last, but was appointed January 31, 1921, he was appointed for that term of three years which began January 1, 1921. He was not appointed at the expiration of that term, but under the provisions of the charter heretofore quoted, he would hold over until a successor was appointed and qualified. No successor was appointed or qualified, hence he was holding over the term which expired December 31, 1923.

The term of office as fixed in the constitution, statute and ordinance creating the office is not to be confused with the tenure of office, and is not affected by the holding over of an incumbent beyond the expiration of the term for which he was appointed. *State ex rel. Wilson v. Parker*, 30 La. Ann. 1182; *State v. Young*,

137 La. 102, 68 South. 241; *State v. Ware,* 13 Ore. 380, 10 Pac. 885; *State ex rel. Polk v. Galusha,* 74 Neb. 188, 104 N. W. 197; *State ex rel. Hays v. Twitchell,* 9 Wash. 530, 38 Pac. 134.

In the last cited case, Dunbar, C. J., said:

" 'Term,' as applied to time, signifies a fixed period, a determined or prescribed duration. 25 Am. & Eng. Enc. of Law p. 949. A term of office is a fixed period prescribed for holding office. *People v. Brundage,* 78 N. Y. 403. The word 'term' when used with reference to the tenure of office ordinarily refers to a fixed and definite time. Mechem, Pub. Officers, § 385."

Appellant relies upon, but misconstrues, our decision in *State ex rel. Meredith v. Tallman,* 24 Wash. 426, 64 Pac. 759. There we construed the force and effect of § 8, Art. I, of our constitution, and of an act of the legislature of 1899, extending or continuing the term of county superintendents from the second Monday in January to the first Monday in August next after the election of their successors. What we held was that the legislature, having provided for the commencement of the term of office of county superintendents being postponed from the second Monday of January until the first Monday of August, was not inhibited by the provisions of the constitution above quoted, for the reason that the legislature in fixing the terms of county officers such as county superintendents, originally had provided that the officers should hold office for two years ending on the second Monday in January, *and until their successors were elected and qualified.* Under the act providing for postponement of the qualifying and taking office of county superintendents, the successors so elected could not qualify and take office until the first Monday in August. But no vacancy existed in the office, for the officers then holding were holding under provisions of law that

they should hold "until their successors were elected and qualified." Hence there was no vacancy to fill, and the officer filling out the old term was merely holding over until his successor had been elected and lawfully qualified to take the office. We recognized the term of office to be that fixed and definite period of time which the law prescribes that an officer shall hold office, and that the statute which enables him to hold after his term has expired does not change the term. We also reaffirmed the principle in the *Twitchell* case, *supra*, that, when the law-making power assigns a stated period of time as the term of office of an officer, the fact that such officer is allowed to hold over does not change the length of the term.

In *Crovatt v. Mason*, 101 Ga. 246, 28 S. E. 891, respecting elective office, it was said:

"It is apparent that the provision 'or until his successor is elected and qualified,' does not reduce or change the term for which the officer is elected, but the meaning of such phrase is to extend the time in which he may hold the office beyond his term, to a period when the office is filled by another, who has been elected and qualified."

In *State ex rel. Gordon v. Moores*, 61 Neb. 9, 84 N. W. 399, that court said:

"Holding over beyond the fixed term of an officer pending the election of a successor in pursuance of the requirements of the constitution is as much a part of the term of office as that which precedes it." [Syllabus.]

In *State ex rel. Polk v. Galusha, supra*, the supreme court of Nebraska, by Holcomb, C. J., said, referring to the preceding case:

"In the sense in which used in the authority cited, the correctness of the proposition is indisputable. The constitutional provision is obviously to meet just such

condition, and to permit the incumbent to extend his fixed term until a successor is qualified. But nevertheless, speaking with accuracy, there legally exist two tenures in the case cited—the fixed term and the holdover term—and the time the incumbent holds the office beyond the fixed term is just so much an encroachment on the term of the successor.''

A very enlightening discussion may be found in *State v. Ware, supra,* by Lord, J., speaking for the court, presenting the origin of terms and defining the distinction between terms of office and tenure of office.

In that case it was held that, under the constitution of the state of Oregon, the terms of judges were fixed, and distinguished the earlier case of *State ex rel. Whitney v. Johns,* 3 Ore. 533, relied upon by appellant.

The general rule is stated in 29 Cyc. 1398:

''In the case of appointive officers *the beginning of the term* [Italics ours] of the first appointee determines and limits the terms of successive appointees so that one appointed in the middle of the term because of the vacation of an office during the term of an incumbent, or because of his holding over, is not appointed for longer than the unexpired term.''

There is nothing to the contrary in the cases from this court cited by appellant: *State ex rel. Meredith v. Tallman, supra; State ex rel. Vanderveer v. Gormley,* 53 Wash. 543, 102 Pac. 435; *State ex rel. Pendleton v. Superior Court,* 119 Wash. 73, 204 Pac. 1053.

Indeed, appellant asserts that the weight of authority is that, where the appointment is made to fill a vacancy, if the statute fixes the duration of the term, *and unless there is some express provision of the statute that such an appointment shall be only for the unexpired term,* the appointment, though made to fill a vacancy, is an appointment for a full term. As we have said in this case, the charter, which is the same as a statute, provides that the terms are fixed, and

therefore all appointments under other provisions of the charter are for unexpired terms.

We are thoroughly convinced, as the trial court found and concluded, that the term of office which appellant was appointed to was one legally beginning January 1, 1924, for three years, his appointment for three years to take effect as of July 1, 1924, being unauthorized to that extent. It is valid only for the unexpired term ending December 31, 1926. It follows as a necessary corollary that the attempt to give appellant the increased salary taking effect July 1, 1924, is invalid under the constitutional provisions and the provisions of the Seattle charter. His legal salary was and is $6,000 per annum, and cannot be increased or diminished during the term for which he was appointed, which term expires December 31, 1926.

The judgment of the trial court is right and it is affirmed.

TOLMAN, C. J., FULLERTON, MACKINTOSH, and MITCHELL, JJ., concur.