

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

March 18, 1949

Hon. Durwood Manford, Speaker          Opinion No. V-788.
House of Representatives
51st Legislature                       Re: Question of mileage and
Austin, Texas                              per diem of holdover
                                           member of the Legisla-
                                           ture.

Dear Sir:

Your request for an opinion is based on the follow-
ing facts which are recited in substance in your previous letter of
January 24, 1949:

Mr. W. E. Heatly was elected and qualified to rep-
resent the 104th District in the 50th Legislature, 1947. Mr. A. M.
Eanes was elected to that office for the 51st Legislature, 1949.
Eanes became seriously ill and submitted his resignation to the
Governor after the election but before qualifying for the office.
The Governor immediately accepted the resignation and forthwith
called a Special Election for February 10, 1949, to elect a succes-
sor to Eanes. In Opinion No. V-760, in answer to your former
question, it was held that Mr. Heatly should continue to represent
the District until his successor was elected and qualified. The
holding was made pursuant to Section 17 of Article XVI of the Texas
Constitution which provides that "All officers within this State shall
continue to perform the duties of their offices until their succes-
sors shall be duly qualified."

Your present inquiry is whether Mr. Heatly, who
has now been succeeded by a newly elected Representative, is en-
titled to be paid from the first day of this session, January 11, 1949,
or from the day on which he was administered the oath on January
26, 1949. You further ask whether Mr. Heatly is entitled to mile-
age in coming to the seat of government and returning.

The fundamental Constitutional provision in question
is Section 24 of Article III which reads in part:

"Members of the Legislature shall receive from the public treasury a per diem of not exceeding $10.00 per day . . .

"In addition to the per diem the members of each House shall be entitled to mileage in going to and returning from the seat of government . . ."

While there is some disagreement in other states as to whether the incumbent (Heatly) holds over under an extension of his term[1] or by "tenure,"[2] the great weight of authority under both views, as announced in Opinion No. V-760, holds that the incumbent (Heatly) continued in office with all the powers, duties, and responsibilities thereto attached until his successor qualified.[3] Thus Hon. C. M. Cureton, as First Assistant Attorney General, later Chief Justice of the Supreme Court of Texas, wrote in 1914:

---

[1] State v. Ferguson, 148 Ohio St. 581, 76 N.E.2d 373 (1947); State v. Stafford, 99 Mont. 88, 43 P.2d 636 (1935); Wood v. Miller, 154 Ark. 318, 242 S.W. 573 (1922); State v. Bowden, 92 S.C. 393, 75 S.E. 866 (1912); Baker City v. Murphy, 30 Or. 405, 42 P. 133 (1895); 22 R.C.L. 555, Public Officers, § 258.

[2] Fullerton v. Mann, 214 Ky. 764, 284 S.W. 113 (1926); State v. Carroll, 133 Wash. 459, 234 P. 22 (1925); People v. Sweitzer, 280 Ill. 436, 117 N.E. 625 (1917); State v. Young, 137 La. 102, 68 So. 241 (1915); 46 C.J. 963, 971, Officers, Section 96, 116.

[3] Schrock v. Hylton, 133 S.W.2d 175 (Civ. App. 1939); Plains Common Consol. School Dist. v. Hayhurst, 122 S.W.2d 322 (Civ. App. 1938); State v. Jordan, 28 S.W.2d 921 (Civ. App. 1930, error dism.); Walker v. Hopping, 226 S.W. 146 (Civ. App. 1920); Benson v. Mellor, 152 Md. 481, 137 A. 294 (1927); Jansky v. Baldwin, 120 Kan. 332, 243 Pac. 302, 47 A.L.R. 476; 34 Tex. Jur. 370, Public Officers, Section 31; 43 Am. Jur. 19-22, Public Officers, Sections 161-164; 42 Am. Jur. 980, Public Officers, Section 139; 46 C.J. 968, 969, Officers, Sections 110, 111; Mechem "Public Officers," p. 257, Section 397; Throop "Public Officers," p. 329, Section 328; Annotation 74 A.L.R. 486.

". . . the term of office of a member of
the Legislature shall be two years . . . but . . .
nevertheless, after the expiration of the term
thus fixed by the Constitution, he shall continue
to perform the duties of his office until his suc-
cessor shall have been duly qualified."[4]

Consistent with such principle are holdings that an
officer holding over is a "de jure" officer. Two Texas cases have
so held. State v. Jordan, 28 S.W.2d 921, (Civ. App. 1930, error
dism.); Cowan v. Capps, 278 S.W. 283 (Civ. App. 1925, rev. on
other grounds, 286 S.W. 161); 34 Tex. Jur. 370, Public Officers,
Sec. 31. This is the rule in other states also. 46 C.J. 969, 1016,
Officers, Sections 111 and 235.

This conclusion reached by the courts from the
above holdings is that such officer is entitled to the emoluments
of the office. The rule has been stated in 46 Corpus Juris 1016
in these words: "A de jure officer, by law entitled to hold over
until a successor has been elected or appointed and qualified . . .
is entitled to the compensation of the office during the period of
holding over." The rule is similarly stated in 22 Ruling Case Law
525 that:

"It is a well established principle that
a salary pertaining to an office is an incident
of the office itself . . . Yet the right to a pub-
lic office carries with it the right to any emol-
uments which may pertain to it, and to the per-
son legally holding the office belong the per-
quisites and emoluments attached by law to the
office, as fully does the office itself . . . A pub-
lic officer entitled to hold over after the expi-
ration of his term until his successor should be
elected may continue to draw his salary during
the time in which he holds over."

---

[4] Opinion No. 1298, to Gov. Colquitt, dated Oct. 20, 1914, and found
in Reports and Opinions of the Attorney General 1914-16, at page
505.

This rule is amply supported by Texas cases and other authorities.[5]

Former Attorneys General have held in prior opinions that in order for newly elected members to qualify as members of the Legislature, so as to be entitled to per diem and mileage, the claimants must have taken the constitutional oath of office.[6] However a holdover continues in office by virtue of his prior election and qualification, and there is no necessity for him to requalify for office during the holdover period. The rule is stated that:

> "An officer holding over until his successor is chosen does so by virtue of his previous appointment, election, and qualification, and unless so required by some provision of the law he need not requalify." 42 Am. Jur. 974, Public Officers, § 128.[7]

The Texas Supreme Court in the case of Spears v. Sheppard, 136 Tex. 277, 150 S.W.2d 769 (1941), held that the right to per diem is not dependent on actual attendance at the sessions of the Legislature.

We therefore hold that Mr. Heatly is entitled to his mileage in going to and returning from the seat of government and to per diem from January 11, 1949, the first day of the session, until such time as his successor duly qualified.

---

[5] Markwell v. Galveston County, 186 S.W.2d 273 (Civ. App. 1945, error ref.); City of San Antonio v. Steingruber, 177 S.W. 1023 (Civ. App. 1915, rev. on other grn'ds, 220 S.W. 77); 34 Tex. Jur. 561, 628, Public Officers, § 108, 170; 42 Am. Jur. 884, Public Officers, § 6; 43 Am. Jur. 136, 137, Public Officers, § 342, 343.

[6] Opinion No. 0-5106; Opinion No. 2810 to Thomas R. Bond, found in Reports and Opinions of the Attorney General 1930-32 at page 277; Opinion No. 1296 to Gov. Colquitt, dated October 20, 1914, and found in Reports and Opinions of Attorney General 1914-16, at page 505; See also 34 Tex. Jur. 399, 361, Public Officers, § 24, 25.

[7] See also 22 R.C.L. 452, Public Officers, § 109.

## SUMMARY

A member of the 50th Legislature who holds over until his successor in the 51st Legislature qualifies is entitled to mileage and per diem from the first day of the session of the 51st Legislature until such successor qualifies. See Opinion V-768.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

Joe R. Greenhill
First Assistant

Frank Lake
Assistant

FL:vjere

APPROVED:

Price Daniel
ATTORNEY GENERAL