(49 App. Div. 88.)

STUBER v. COLER, Comptroller, et al.

(Supreme Court, Appellate Division, Second Department. March 28, 1900.)

MUNICIPAL COURT—CLERK—APPOINTMENT BY HOLDOVER JUSTICE—TERM OF OFFICE.

    Greater New York Charter, § 1352, provides that justices of the peace in the First, Second, and Third districts of Brooklyn in office January 1, 1898, shall continue in office for the terms for which they were elected or appointed, and be called "justices of the municipal court of New York." Section 1373 provides that clerks and assistant clerks for each district of such court shall be appointed by the justice elected or appointed from said district as thereinbefore provided, and shall hold office for the term of six years. *Held*, that a holdover justice of the peace had all the power of a justice elected or appointed under the charter, and hence a clerk appointed by such justice held office for six years from date of his appointment.

Appeal from special term, New York county.

Action by Philipp A. Stuber against Bird S. Coler, comptroller of the city of New York, and one Lynch. From an order continuing a temporary injunction, defendant Lynch appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

William J. Carr (Luke D. Stapleton, on the brief), for appellant.
Joseph A. Burr, for respondent.

PER CURIAM. We find no difficulty in concurring in the conclusion reached by the learned justice at special term, and, with the exception of the suggestion that the justices in office were appointed by the legislature, with the reasoning by which that conclusion is reached. The provision of section 1373 of the Greater New York charter that the clerks and assistant clerks "shall be appointed by the justice elected or appointed from said district, as hereinbefore provided, and shall hold office for the term of six years from the date of appointment," does not require any narrow or technical construction; nor is it necessary to hold that they were appointed by the legislature. The legislature has no constitutional right to appoint these officers, and all that it has attempted to do is to change the title of the office to which the justices had heretofore been elected, and to continue them in office for the terms for which they had been elected by the people. The provision of the charter quoted above did not intend to confer the appointing power merely upon those who were chosen to office by virtue of the provisions of the Greater New York charter, but upon the justices who were "elected or appointed from said district, as hereinbefore provided," and it was "hereinbefore provided" that the "justices of the peace in the First, Second, and Third districts of the city of Brooklyn, in office on the first day of January, eighteen hundred and ninety-eight, shall continue for the remainder of the terms for which they were elected or appointed." Section 1352. Those officers were elected or appointed at the time the charter went into operation, and the only effect of the charter is to change the name of the office, and to regulate the duties, as it might have done with the justices of the peace. The holdover justices had all of the rights which belonged to those who were elected or appointed under the provisions of the charter,

and, without passing upon the question of ethics involved, there is no doubt of the legal right of Justice Schnitzspan to make an appointment upon the happening of a vacancy at any time during his term of office, nor is there any doubt that the term of office of the appointee is for six years from the date of his appointment. The learned justice at special term has so fully covered the points involved that we do not consider it necessary to further discuss the matter.

The order appealed from should be affirmed, with costs.

---

### RHOADS v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. April 2, 1900.)

MOTION FOR PREFERENCE—LACHES.

> Failure of plaintiff to notice her case for trial for three terms after issue is not such laches as to defeat her motion for a preference, where there was no reason to believe that the case could have been tried at either of those terms; the only condition prescribed by Code Civ. Proc. § 793, being that she should serve notice of application with notice of trial, and that the application should be made at the term at which it was noticed.

Appeal from trial term, New York county.

