(99 App. Div. 14)

## DE ZUR v. PROVOST.

(Supreme Court, Appellate Division, Third Department.   November 16, 1904.)

1. JUSTICES OF THE PEACE—TRANSFER OF CAUSE—GROUNDS—EXPIRATION OF TERM OF OFFICE.

   Under Code Civ. Proc. § 3150, providing that if the term of office of a justice is about to expire, or he is about to remove from the town or city, before judgment is rendered in an action, he must previously make a written order reciting the fact, and directing the action to be continued before another justice, a justice who is not about to remove from the city may make an order of removal only in the event that his term of office is about to expire, and the mere recital in the order of removal that his term is to expire does not confer authority upon him to make the transfer unless it is correct.

2. SAME.

   The mere appointment of a justice of the peace to the office of city recorder does not of itself cause the justice's term as justice to expire, within the meaning of Code Civ. Proc. § 3150, authorizing a justice to transfer a cause when his term of office is about to expire.

3. SAME.

   Under the public officers' law (Laws 1892, p. 1666, c. 681, § 27), providing that when a vacancy occurs in any office the "unexpired term" shall be filled in a certain manner, the occurring of a vacancy by resignation is not the expiration of a term of office, within the meaning of Code Civ.

Proc. § 3150, requiring a justice to transfer causes to another justice where his term of office is about to expire.

**4. SAME—NOTICE TO DEFENDANT.**

Under Code Civ. Proc. § 3150, providing that if the term of office of a justice of the peace is about to expire, or he is about to remove from the town or city, he must direct actions to be continued before another justice, and section 3152, providing that the papers shall be forthwith sent to the justice to whom the transfer is made, and that plaintiff shall forthwith appear before him, the order of transfer should be made on notice to defendant, or in court, although no specific provision to that effect is made in the statute.

Appeal from Fulton County Court.

Action by Charles H. De Zur against David D. Provost. From a judgment of the County Court affirming a justice's judgment for plaintiff, defendant appeals. Reversed.

On July 9, 1903, De Zur, the respondent, commenced an action against the defendant, Provost, before Theodore R. Haviland, a justice of the peace of the city of Gloversville, by a summons returnable before Haviland on July 17, 1903. On such return day the parties appeared and joined issue, and an adjournment was had by mutual consent to July 27, 1903. On July 25th Haviland made an order transferring such action to John W. Burr, a justice of the peace of such city. On July 27th the plaintiff appeared before said Burr, and insisted upon proceeding to trial before him. The defendant then appeared specially, and objected to proceeding with the trial before Burr, on the ground that he had no jurisdiction to try the same, and claimed that the action had not been properly and regularly transferred to him. Such objections were overruled, and the action thereupon proceeded to trial, and judgment was on July 31, 1903, rendered against the defendant by said Burr in plaintiff's favor, for $50 damages and costs of the action. The defendant appealed therefrom to the County Court, where the judgment was affirmed, and from such judgment of affirmance this appeal is taken. Justice Haviland transferred the action on the ground that his term of office was about to expire on the 25th day of July at 12 o'clock noon, and a recital to that effect was contained in the order. The record which Justice Burr entered in the case reads as follows: "Above case transferred to me for trial by Theodore Haviland, a Justice of the Peace, whose term of office has expired by his appointment as Recorder of the City of Gloversville. * * *" It is conceded that the only question to be determined on this appeal is whether the objections made by the defendant to the jurisdiction of Justice Burr were well taken.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Clark L. Jordan, for appellant.

Frank Talbot, for respondent.

PARKER, P. J. Justice Haviland had no authority to transfer such action from himself to Justice Burr unless his term of office was about to expire. Under the provisions of section 3150 of the Code of Civil Procedure, "if the term of office of a justice of the peace is about to expire, or he is about to remove from the town or city, before judgment is rendered in an action, * · * * he must previously make a written order reciting the fact and directing the action * * * to be continued before another justice. * * *" There is no claim that Justice Haviland was about to remove from the city, and manifestly he had authority to make the order of removal in this case only in the event that his term of office was about to expire. The mere recital of

such fact in the order, unless it was correct, would not confer authority upon him to make the transfer. It is clear from the record that Haviland's term of office was not about to expire from lapse of time. The reason claimed for its expiration was that on the day the order was made, viz., July 25th, he was appointed recorder of the city of Gloversville, to commence at noon of that day. Clearly, he made such order because such appointment had been made. So far as the record before us shows, no other fact existed warranting it.

But upon what theory can it be held that his mere appointment to that office caused his term as justice to expire? If he resigned his office as justice in order that he might take such appointment, or if, possibly, he had accepted the recordership and had entered upon its duties, it would have created a vacancy in his office as justice; but it does not appear that he had done either, nor is it so stated in the order, or entered upon the records of Justice Burr. For aught that appears, he was still a justice of the peace when the judgment against the defendant was entered by Justice Burr, and no vacancy, even, had or was about to occur in his office. Indeed, if no other action had been taken, nor facts existed than were then claimed on the part of the plaintiff, it seems clear that Justice Haviland's term of office was not about to expire when he made the order of transfer, and hence Justice Burr did not thereby acquire the jurisdiction which he claimed to act under. But the occurring of a vacancy in the office is not the expiration of a term of office. The public officers' law (being chapter 681, p. 1666, Laws 1892, § 27) provides that, when the vacancy occurs, the "unexpired term" shall be filled in the manner therein provided. So, also, a vacancy can occur only before the "term of office expires," and a vacancy does occur upon a resignation; thus showing that the resignation of an officer does not cause the term to expire.

It was further objected by the defendant that the order of transference was made by Justice Haviland during an adjournment of the case, and while neither party was before him, and for that reason it was not warranted. Although no specific provision is made in section 3150, Code Civ. Proc., that the order be made on notice to the defendant, or that it be made in court, yet I think it should be so construed. The requirements of section 3152 are that the papers shall "forthwith" be sent to the justice to whom the transfer is made, and the plaintiff shall "forthwith" appear before him, who shall thereupon take cognizance of the action, and proceed therein as if it had been commenced before him. The provisions of this section indicate a purpose to have the order made at a time when, in the orderly course of the proceedings, the parties, or the plaintiff at least, would be supposed to be before the justice, so that both parties would have notice that it was made, and so that on the receipt of the order by the justice to whom the action is transferred it will be in a condition to be at once tried or further postponed, as such latter justice shall determine. The practice is comparatively a new one, and I do not find any decisions settling it; but there are manifest reasons why the defendant should have actual or constructive notice, at least, of the transfer, and not be subjected to a judgment against him by default, taken in a tribunal to which he has never been summoned and of which he has never been notified.

My conclusion is that the objection of the defendant that Justice Burr had no jurisdiction to try the action was well taken, and for that reason the judgment appealed from should be reversed, with costs.   All concur.