PEOPLE ex rel. WOODILL v. TIGHE et al., City Magistrates.

(Supreme Court, Appellate Division, Second Department. June 29, 1911.)

MANDAMUS (§ 3*)—SUBJECTS OF RELIEF.

Quo warranto, and not mandamus, is the proper remedy to test relator's right to a police clerkship, where the question turns upon the construction of statutory provisions which are not entirely clear and unambiguous.

[Ed. Note.—For other cases, see Mandamus, Dec. Dig. § 3.*]

Appeal from Special Term, Kings County.

Mandamus proceeding by the People of the State of New York, on the relation of William L. Woodill, against James G. Tighe and others, City Magistrates. From an interlocutory judgment sustaining a demurrer to an alternative writ, relator appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, CARR, and THOMAS, JJ.

Charles Pope Caldwell, for appellant.
James D. Bell, for respondents.

HIRSCHBERG, J. On the 19th day of February, 1910, the relator obtained an alternative writ of mandamus directed to the respondents as the board of city magistrates for the Second division of the city of New York, commanding them to reinstate him as police clerk in the borough of Queens or show cause why the command of the writ should not be obeyed. On the return of the writ it was dismissed on demurrer, and the only question presented on the appeal is whether the facts disclosed entitle the relator to the relief sought by mandamus.

The affidavit of the relator, on which the writ was granted, states that on the 30th day of November, 1908, he was appointed police clerk for the borough of Queens for the period of four years at an annual salary of $2,000 by one of the city magistrates in the Second division. The appointment was made pursuant to the provisions of the charter of the Greater New York, as amended (Laws 1901, c. 466, § 1396a). It further appears by the relator's affidavit that on the 30th day of December, 1908, the respondents, acting as the board of city magistrates for the Second division of the city of New York, appointed one William H. Brawley police clerk to fill the position to which the relator had been appointed the month before. The relator alleges that upon such appointment and under and pursuant to the directions of the board of city magistrates he surrendered the keys of the police clerk's desk and delivered over the papers and records connected with the office to the new appointee, reserving, however, such rights and privileges as belonged to him by law, and that thereafter he took no steps looking to a reinstatement, on the promise made to him by the magistrate by whom he was appointed, that he (the magistrate) would endeavor to have the board appoint him to another clerkship; but no such appointment has been made.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Independently of the question of the relator's laches, it seems clear that he is not entitled to maintain the writ of mandamus, but that his proper remedy is by an information in the nature of quo warranto. A serious question is presented by the briefs herein, as to the power of appointment by the single magistrate, and the question, so far as it has been decided at all, appears to have been decided adversely to the relator. That the scheme of the revised charter, as amended, is unconstitutional so far as regards the system attempted by which two methods of selection of city magistrates were provided for the different divisions of the city, was declared in People v. Dooley, 69 App. Div. 512, 75 N. Y. Supp. 350, affirmed 171 N. Y. 74, 63 N. E. 815; and that the appointment of a police clerk by a single magistrate is illegal appears to have been held by Mr. Justice Burr at the Special Term in Kings county in the month of September, 1905, in the Matter of Charles Kaiser v. John Naumer, as Magistrate, etc., unreported. In 1906, an application for a writ of mandamus to compel the appointment of a police clerk by a single magistrate was denied at Special Term and the order affirmed by this court, in the Matter of Philip Bux v. James G. Tighe, as Magistrate, etc., 113 App. Div. 920, 100 N. Y. Supp. 1108. It is unnecessary to decide the legal controversy. It is sufficient to show that it exists; as it was expressly held in People ex rel. Wren v. Goetting, Police Justice, etc., 133 N. Y. 569, 30 N. E. 968, that where the question of title turns upon the construction of statutory provisions which are not entirely clear and unambiguous, the right may not be determined in a mandamus proceeding, and the claimant must be remitted to his action in the nature of quo warranto. See, to the same effect, People ex rel. Lewis v. Brush et al., 146 N. Y. 60, 40 N. E. 502, where it was held that the writ of mandamus will not be granted upon the application of one claiming title to an office, for the purpose of determining the validity of his claim, where there is a serious question in regard thereto and another person is holding and exercising the functions of the office.

It follows that the interlocutory judgment should be affirmed.

Interlocutory judgment affirmed, with $50 costs and disbursements.

JENKS, P. J., and BURR, THOMAS, and CARR, JJ., concur.