(81 Misc. Rep. 12.)

PEOPLE ex rel. HOBAN v. BATES, Sheriff.

(Supreme Court, Special Term, Wayne County. May, 1913.)

HABEAS CORPUS (§ 27*)—JURISDICTION OF POLICE JUSTICE—APPOINTMENT TO FILL VACANCY.

Where at an annual election in an incorporated village in March, 1912, the office of police justice was abolished, and the justice in June, 1912, resigned his office, and his term would have expired in December, 1914, and the trustees appointed another to fill the vacancy, the appointee having duly qualified thereupon became the police justice, and on conviction before him habeas corpus will not lie to discharge the accused from imprisonment.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 22; Dec. Dig. § 27.*]

Application by the State, on the relation of James Hoban, for writ of habeas corpus against Linwood R. Bates, Sheriff of the County of Yates. Writ dismissed.

Abraham Gridley, of Penn Yan, for relator.

Charles H. Wood, of Rushville (Spencer F. Lincoln, of Penn Yan, of counsel), for respondent.

SAWYER, J. Relator was, upon January 3, 1913, convicted before one D——, as police justice of the village of Penn Yan, and sentenced to imprisonment in the Yates county jail for the term of 180 days. He now seeks his discharge, by writ of habeas corpus, upon the ground that at the time of his conviction the office of police justice of said village had been abolished, and the acts of any person assuming to exercise the duties thereof were illegal and void.

The village of Penn Yan is a municipal corporation, operating under the general village laws of the state. At its annual election, upon March 19, 1912, the electors voted in the affirmative upon the following proposition, duly submitted thereat:

"Shall the office of police justice in and for the village of Penn Yan be discontinued and abolished from and after the expiration of the term of the present incumbent?"

The term of the then present incumbent, as fixed by law, would have expired upon the 31st day of December, 1914, but upon June 3, 1912, the police justice resigned his office and moved away from the village. Thereupon the trustees appointed the aforesaid D—— as police justice in his stead, upon the theory that such resignation created a vacancy in the office.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Relator's position is that, by such resignation of the then incumbent, his term of office forthwith ceased and determined under the resolution abolishing such office theretofore adopted, and that no police justice could thereafter be lawfully appointed for such village.

As has been observed, the term of office referred to in the resolution was that of the then incumbent, which expired, under the law, December 31, 1914, and it must be assumed that such was the understanding of those who voted upon the resolution. In other words, the resolution adopted was, in effect, shall the office of police justice be discontinued and abolished from and after the expiration of the term which the present incumbent is now serving, and was not, shall it be discontinued and abolished from and after the time when the present incumbent shall cease to act by reason of his death, resignation or otherwise.

The distinction between a term of office and a vacancy in office is clearly pointed out in People ex rel. Joyce v. Brundage, 78 N. Y. 403–407, where Judge Church says:

"A 'term of office' is a fixed period prescribed for holding the office. The causes which create a vacancy to be filled by appointment are uncertain, unknown, and contingent, but the term is made certain by specification."

Section 47 of the Village Law (Consol Laws 1909, c. 64) provides that the office of police justice may be abolished at an annual election; such act to take effect upon the expiration of the term of the police justice then in office.

Section 60 of the law provides that a village officer may resign his office, and, upon the delivery of such resignation to the village clerk, it shall take effect immediately unless otherwise in the resignation specified; while section 30 of the Public Officers Law (Consol. Laws 1909, c. 47) declares that by the resignation of its incumbent *before the expiration of the term thereof* a vacancy is created in the office. The manner of filling the vacancy is pointed out in section 61 of the Village Law.

Under these various enactments it is not left for a public officer, at his whim, convenience, or, possibly, by his disability, to fix the term of his office. That is established by law. While the people of the municipality may abolish the office, their act is only effective at the expiration of the then term specified by statute, and, if for some reason the incumbent ceases to continue therein until the designated end of its term, a vacancy is created to be filled in the usual manner.

In adopting the resolution in question, the inhabitants of this village abolished the office of police justice at and after December 31, 1914, and not sooner; the action of the board of trustees, had upon the assumption that the resignation of the then incumbent created a vacancy, was properly taken; and their appointee for that vacancy, having duly qualified, became and thereafter was the police justice of that village, authorized in all respects to act as such.

The distinction between this case and that of People ex rel. Joyce v. Brundage, supra, relied upon by relator, is found in the fact that one of the two constitutional provisions there under consideration acted as a limitation upon the other, and the two read together fixed the term

of office of the county judge as six years, unless the incumbent should sooner arrive at the age of 70 years, in which event the term was limited to the 31st day of December, next following his seventieth birthday.

Here the statutes do not limit each other, but, as in the same case pointed out supra, distinguished clearly between expiration of term and vacancy sooner created.

Writ dismissed, without costs.