The People of the State of New York ex rel. Edward R. Domschke, Respondent, *v.* Lawrence Messenger, Appellant.

Second Department, March 3, 1922.

Public officers — appointment to fill vacancy in office of assistant clerk of Municipal Court of City of New York, caused by resignation, cannot be made for longer period than unexpired term — Greater New York charter, § 1373, and Public Officers Law, §§ 30 and 38, construed and applied.

The justices of the Municipal Court of the City of New York, Seventh District, did not have the power, on the resignation of the assistant clerk of that court, to appoint the defendant for the full term of six years, but their power was limited to an appointment for the unexpired term of the resigned clerk, and, therefore, the justices of that court not having appointed another assistant clerk within thirty days after the expiration of the term, the appointment of the relator by the majority of the justices residing in the borough of Brooklyn for a full term to fill the position was valid and legal.

Section 1373 of the Greater New York charter must be read in connection with sections 30 and 38 of the Public Officers Law, which latter section provides that if an appointment of a person to fill a vacancy in an appointive office be made by the officer authorized to make the appointment to the office for the full term, the person so appointed to such vacancy shall hold office for the balance of the unexpired term, and when so read, the word " successors " as used in said section of the Greater New York charter refers to the successor of a clerk or assistant clerk who has served his full term and not to a man appointed to fill a vacancy occasioned by resignation.

Appeal by the defendant, Lawrence Messenger, from a judgment of the Supreme Court in favor of the relator, entered in the office of the clerk of the county of Kings on the 13th day of December, 1921, upon the decision of the court rendered after a trial at the Kings Special Term, a jury having been waived.

This was an action in quo warranto, the plaintiff relator alleging that he was entitled to the office of assistant clerk of the Municipal Court of the City of New York, Seventh District, Borough of Brooklyn, from which he was unlawfully excluded by the defendant.

On December 31, 1913, one John Ward was duly appointed assistant clerk of the court for a term of six years, expiring December 31, 1919. He resigned in May, 1918, and on July 5, 1918, the defendant Messenger was appointed to fill the vacancy. The justices signing his appointment assumed to appoint him for a term of six years, beginning July 5, 1918. On February 3, 1920, the justices of the court in the seventh district having failed to take any action with respect to the position for thirty days, the plaintiff relator Domschke was appointed assistant clerk by a majority of the justices of the Municipal Court residing in the borough of Brooklyn, for the term of six years beginning February 3, 1920. (Greater N. Y. Charter [Laws of 1901, chap. 466], § 1373, as amd. by Laws of 1915, chap. 581.)

The defendant Messenger, asserting that his term of office would not expire until 1924, denied the right of the justices on February 3, 1920, to appoint the plaintiff relator assistant clerk. The action was tried before the court, a jury having been waived. The trial justice made findings of fact and conclusions of law, holding that the defendant's appointment on July 5, 1918, to fill the vacancy caused by Ward's resignation was valid only for the unexpired term of Ward, which ended on January 1, 1920; that on January 1, 1920, a vacancy existed in the office, and that the justices in the district failing to make an appointment for thirty days, the action of the majority of the justices residing in the borough on February 3, 1920, appointing defendant for the regular six-year term, was valid and legal.

*Francis X. Carmody,* for the appellant.

*Marcus B. Campbell* [*Charles D. Newton, Attorney-General,* and *John T. Bladen* with him on the brief], for the respondent.

KELLY, J.:

The defendant's case is based upon the contention that section 1373 of the charter, providing *inter alia* that clerks and assistant clerks of the Municipal Court shall continue to hold office for the remainder of their respective terms and that successors of such clerks and assistant clerks shall be appointed for a term of six years from the date of appointment, controls the situation, and that defendant Messenger having been appointed on July 5, 1918, to fill a vacancy occasioned by the resignation of Ward (the regular assistant clerk appointed for a regular term of six years from January 1, 1914, ending January 1, 1920), defendant was entitled to the office for a full term of six years, to wit, until July 5, 1924. On the other hand, plaintiff's contention is that defendant having been appointed to fill a vacancy occasioned by Ward's resignation, the justices had no power to appoint for a full term and that defendant held office only until the end of Ward's term, viz., to January 1, 1920, at which time the justices were entitled to appoint a successor to Ward for the full term of six years.

We have before us the two statutes — the charter provision, section 1373, hereinabove referred to, providing for a six-year term for clerks and assistant clerks of the court and that " *the successors* " of such clerks and assistant clerks shall hold office for six years; and on the other hand the provisions of the Public Officers Law in force in 1918, when defendant was appointed to fill the vacancy occasioned by Ward's resignation. There appears to be no dispute between the parties that an assistant clerk of the Municipal Court is a " public officer."

Article 3 of the Public Officers Law is entitled, " Creation and Filling of Vacancies." Section 30 provides: " Every office shall be vacant upon the happening of either of the following events before the expiration of the term thereof:

" 1. The death of the incumbent;

" 2. His resignation;

" 3. His removal from office; "

and in case of other contingencies which it is not necessary to state here.

Section 38 of the law reads as follows:

" § 38. Terms of officers chosen to fill vacancies. If an appointment of a person to fill a vacancy in an appointive office be made by the officer, or by the officers, body or board of officers, authorized to make appointment to the office for the full term, the person so appointed to such vacancy shall hold office for the balance of the unexpired term. The term of office of an officer appointed to fill a vacancy in an elective office, shall be until the commencement of the political year next succeeding the first annual election after the happening of the vacancy, if the office be made elective by the Constitution, or at which the vacancy can be filled by election, if the office be otherwise made elective."

I think that the learned trial justice correctly decided the case. " A term of office is a fixed period prescribed for holding the office. The causes which create a vacancy to be filled by appointment are uncertain, unknown and contingent, but the term is made certain by specification." (*People ex rel. Joyce* v. *Brundage,* 78 N. Y. 403, 407.) " The occurring of a vacancy in the office is not the expiration of a term of office. The Public Officers Law * * * provides that when the vacancy occurs the ' unexpired term ' shall be filled in the manner therein provided. So, also, a vacancy can occur only before the ' term of office ' expires, and a vacancy does occur upon a resignation. * * * Thus showing that the resignation of an officer does not cause the term to expire." (*DeZur* v. *Provost,* 99 App. Div. 14.) In *People ex rel. Hoban* v. *Bates* (81 Misc. Rep. 12) Mr. Justice SAWYER at the Wayne County Special Term said: " It is not left for a public officer, at his whim, convenience, or, possibly, by his disability, to fix the term of his office. That is established by law," and he held accordingly that when the people of Penn Yan on March 19, 1912, voted to abolish the office of police justice " from and after the expiration of the term of the present incumbent," the " term " of the incumbent running to December 31, 1914, the incumbent did not end the " term " by resigning and moving away from the village in June, 1912. Mr. Justice SAWYER held that the term of office continued to

December, 1914, and that the village trustees had the right to appoint a justice to fill the vacancy until the expiration of the term. In *Stuber* v. *Coler* (164 N. Y. 22), which was a case involving the office of clerk of one of the districts of the Municipal Court in Brooklyn, the " term " of the clerk expired with that of the justice who appointed him, on January 1, 1900. On December 29, 1899, two days before the expiration of his term, the clerk resigned and the justice in office appointed the clerk for a six-year term under section 1373 of the charter of 1897. This court having sustained the appointment (49 App. Div. 88), the Court of Appeals held that the justice (a former justice of the peace transferred by the original Greater New York charter [Laws of 1897, chap. 378], § 1351 *et seq.* to the Municipal Court) was not an elected justice of the Municipal Court having power to make the appointment and, therefore, reversed the Special Term and this court. But Judge O'BRIEN said (at p. 28): " When the clerk resigned a vacancy was created for two or three days, and the appointment may have operated to fill that vacancy, but nothing more. This is so for another reason. The statute in providing that the clerks should hold office for six years from the date of the appointment was intended to designate the term and fix its duration. It applied to the first appointments under the charter and those following the expiration of each regular term of six years; but had no reference to vacancies during the term. That was left to be governed by the general law providing for appointments to fill vacancies in office and for the duration of such appointments. The Public Officers Law (Laws of 1892, ch. 681, § 27) is quite clear on this point and covers the case, since the charter contained no express provision for appointments to the office of clerk of the court where a vacancy occurred. ' If an appointment of a person to fill a vacancy in an appointive office be made by the officer, or by the officers, body or board of officers, authorized to make appointment to the office for the full term, the person so appointed to such vacancy shall hold office for the balance of the unexpired term.' "

It appears that section 1373 of the charter was amended after the decision in *Stuber* v. *Coler* (*supra*), by chapter 603 of the Laws of 1907 and chapter 581 of the Laws of 1915, and appellant argues that the amendments " made obsolete the *dicta* in the *Stuber* case." I do not think the amendments affected the soundness of Judge O'BRIEN's reasoning in any way. Nor do I find anything in *Matter of Jannicky* (209 N. Y. 413), cited by appellant, which affects this case. In that case Henigin, the clerk whose office had been attacked, had been appointed for a full term of six years

at a time when a preceding six-year term had expired by limitation. Jannicky's claim was based upon a claim of holding over by one of Henigin's predecessors which he claimed made Henigin an interim appointee. The decision was in favor of Henigin upon the ground that a vacancy existed in the office by expiration of term, at the date of his appointment. Henigin was not appointed to fill a vacancy such as existed in the case at bar.

In the case at bar we have two statutes, and it is our duty to read them together and apply both if it is reasonable and practicable to do so. And so reading them we find in the charter, provision for assistant clerks to hold office for six years and for appointment of their " successors " for six years. At the same time we have a general statute providing for the creation and filling of vacancies. One way in which such vacancies can be created is by resignation (Pub. Off. Law, § 30), and there is express statutory provision for filling such vacancies (Id. § 38), viz., for the " balance of the unexpired term." I think the word " successors " in the charter provision refers to the successor of a clerk or assistant clerk who has served his full term and not to a man appointed to fill a vacancy occasioned by resignation. The construction claimed by the appellant is still open to the criticism in Judge O'BRIEN's opinion in the *Stuber Case* (*supra*), to wit, that in the case of a justice whose office is about to expire, and whose clerk or assistant clerk may have but a short tenure of his term of six years, if the appellant is right in his contention, the clerk or assistant clerk can resign on December thirty-first, the last day of the justice's term, and that official can impose him on his successor for a full term of six years. Such procedure seems to be contrary to the intent of the Legislature as expressed in section 38 of the Public Officers Law. I think the judgment should be affirmed.

The judgment should be affirmed, with costs.

Present — BLACKMAR, P. J., KELLY, JAYCOX, MANNING and KELBY, JJ.

Judgment unanimously affirmed, with costs.