THE PEOPLE OF THE STATE OF NEW YORK ex rel.
EDWARD R. DOMSCHKE, Respondent, v. LAWRENCE
MESSENGER, Appellant.

*Quo warranto — appointment of assistant clerk of Municipal Court to
fill vacancy caused by resignation — when appointment valid only
for unexpired term — on failure of justices of district to make appoint-
ment within thirty days appointment may be made by majority of
justices living in borough.*

  *People ex rel. Domschke* v. *Messenger*, 200 App. Div. 418, affirmed.
  (Argued May 29, 1922; decided June 13, 1922.)

APPEAL, by permission, from a judgment of the Appel-
late Division of the Supreme Court in the second judicial
department, entered March 10, 1922, which unanimously
affirmed a judgment of Special Term adjudging that
relator is the legal incumbent of the position of assistant
clerk of the Municipal Court of the city of New York,
borough of Brooklyn, seventh district, in an action of
quo warranto. On December 31, 1913, one John Ward
was duly appointed assistant clerk of the court for a
term of six years, expiring December 31, 1919. He
resigned in 1918, and on July 5, 1918, the defendant
Messenger was appointed to fill the vacancy. The
justices signing his appointment assumed to appoint him
for a term of six years, beginning July 5, 1918. On
February 3, 1920, the justices of the court in the seventh
district having failed to take any action with respect
to the position for thirty days, the plaintiff relator
Domschke was appointed assistant clerk by a majority
of the justices of the Municipal Court residing in the
borough of Brooklyn for the term of six years beginning
February 3, 1920 (Greater New York Charter, § 1373,
as amd. by Laws of 1915, chap. 581). The defendant
Messenger, asserting that his term of office would not
expire until 1924, denied the right of the justices on
February 3, 1920, to appoint the plaintiff relator assistant
clerk. The trial justice made findings of fact and con-
clusions of law, holding that the defendant's appointment
on July 5, 1918, to fill the vacancy caused by Ward's
resignation was valid only for the unexpired term of

Ward, which ended on January 1, 1920; that on January 1, 1920, a vacancy existed in the office, and that the justices in the district failing to make an appointment for thirty days, the action of the majority of the justices residing in the borough on February 3, 1920, appointing defendant for the regular six-year term was valid and legal.

*Francis X. Carmody* for appellant.

*Charles D. Newton, Attorney-General (Marcus B. Campbell* and *John T. Bladen* for counsel), for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.