In the Matter of the Application of DAVID O'KEEFE and Others, Appellants, Respondents, for a Mandamus Order against JOHN C. CLARK and Another, Comprising and Composing the Civil Service Commission of the State of New York, Respondents, and ABRAHAM KAPLAN and Others, Comprising and Composing the Municipal Civil Service Commission of the City of New York, Respondents, Appellants.

MAX GLUCK, Intervenor, Respondent.

Third Department, May 5, 1933.

*John Caldwell Myers* [*Hugh B. Archer* of counsel], for the petitioners.

*Arthur J. W. Hilly* [*Henry J. Shields, William E. C. Mayer* and *J. Joseph Lilly* of counsel], for the respondents, appellants, Kaplan and others.

*John J. Bennett, Jr., Attorney-General* [*Patrick H. Clune, Assistant Attorney-General*, of counsel], for the respondents.

*H. Eliot Kaplan* [*Albert DeRoode* of counsel], for the respondent Max Gluck and for the Civil Service Reform Association, *amicus curiæ*.

RHODES, J. Section 1373 of the Greater New York Charter provides, among other things, for assistant clerks of the Municipal Court of said city, and that they shall be appointed in each district by the justice or justices thereof for a term of six years from the date of appointment; that the board of estimate and apportionment shall, on the recommendation of the board of justices, prescribe the number of assistant clerks. By amendments to said section the appointment of additional assistant clerks was provided for.

About January 1, 1931, the board of justices in each district convened and named fourteen persons, including the petitioners herein, as appointees to the office of assistant clerk of said Municipal Court.

The president justice of the Municipal Court applied to the municipal civil service commission of the city to classify said fourteen offices of assistant clerk as exempt, and said municipal civil service commission adopted a resolution classifying said offices as exempt, which resolution was thereafter approved by the mayor. The State Civil Service Commission has refused to approve said classification.

Thereupon the petitioners, who are now acting as assistant clerks of said court, made application for a peremptory mandamus order to require the said State Civil Service Commission to approve the classification of the petitioners' offices of assistant clerks as exempt, and for other relief appropriate to said demand.

The question now presented for determination is whether these positions are in the competitive or exempt class under the civil service.

Section 6 of article 5 of the Constitution of the State of New York provides that " appointments and promotions in the civil service of the State, and of all the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive * * *. Laws shall be made to provide for the enforcement of this section."

Section 11 of the Civil Service Law provides for municipal civil service commissioners of a city and that such municipal civil service commissioners shall promulgate rules for the classification of offices, places and appointments in the classified service of said city.

Subdivision 2 thereof provides, among other things, that such rules shall be valid only upon the approval of the mayor or other duly authorized appointing authority of the city, " and of the State Civil Service Commission."

Section 14 of the Civil Service Law requires that the " competitive class shall include all positions for which it is practicable to deter-

mine the merit and fitness of applicants by competitive examination, and shall include all positions now existing, or hereafter created, of whatever functions, designations or compensation, in each and every branch of the classified service, except such positions as are in the exempt class, the noncompetitive class or the labor class."

Section 13 specifies what positions are to be included in the exempt class. The position of assistant clerk is not expressly included therein.

Subdivision 4 of section 13 further provides: "But no office or position shall be deemed to be in the exempt class unless it is specifically named in such class in the rules * * *. Not more than one appointment shall be made to or under the title of any such office or position, unless a different number is specifically mentioned in such rules."

It is argued in behalf of the petitioners that it is not practicable to determine the merit and fitness of assistant clerks by competitive examination for the reason that the Municipal Court is the poor man's court; that many persons are forced to resort thereto without the benefit of counsel and that a great responsibility devolves upon the court itself to protect the interests of the litigants; that such responsibility also devolves upon the assistant clerks and that the positions involve confidence and trust. This does not seem to be the confidential relation contemplated by the Constitution and the Civil Service Law. Confidential clerks are those who sustain a confidential relation in duty and employment to the person or body appointing them.

Said section 1373 of the charter expressly and separately provides for a clerk to each justice, to be appointed by such justice and to hold office during his pleasure. It is not claimed that such assistant clerks are appointed by the justices for the purpose of serving as confidential clerks to them.

Nothing is presented by the record on appeal showing that the position is confidential, or that it is impracticable to select these assistant clerks by competitive examination. It seems unnecessary to do more than call attention to the fact that such exempted positions may not be created without the approval and consent of the State Civil Service Commission, and this has been refused. We may presume that the State Civil Service Commission refused its approval because it believed that it is practicable to select appointees to such positions, after a competitive examination. In the absence of facts showing that the position is one involving trust and confidence and that it is impracticable to select appointees

from the competitive class, the action of the State Commission certainly was justified and was neither capricious nor arbitrary.

The appellants also insist that there is a conflict between the Civil Service Law and said section of the charter in that section 9 of the Civil Service Law provides that all appointments or employments in the classified service shall be for a probationary term not exceeding the time fixed in the rules; whereas, the section of the charter in question fixes the term of an assistant clerk at six years; that the probationary period is a separate and distinct term and does not run into and become part of the permanent tenure and that in effect the charter forbids the probationary term by providing for a definite term of six years. However this may be, it has no bearing upon the method of selection. It is entirely practicable to select an appointee after a competitive examination, whether the term of his office be definite or indefinite. (*Matter of Phillips*, 139 App. Div. 365.)

The other arguments of the appellants have been considered, but are not now discussed for the reason that what has already been said herein seems a sufficient answer thereto.

The order should be affirmed, with costs.

HILL, P. J., CRAPSER and HEFFERNAN, JJ., concur.

Order affirmed, with costs.