Pietro Garuccio, Respondent, v. Jake Binder, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Scudder, JJ.

In the Matter of the Application of Alfred R. Bailey, Respondent, for a Peremptory Order of Mandamus against Charles W. Berry, as Comptroller of the City of New York, Appellant.— Order reversed on the law and the facts, application denied, and proceeding dismissed, without costs. The petitioner acted, under appointment purporting to fill a vacancy, as the deputy clerk of the Municipal Court of the City of New York, Borough of Queens, Fourth District. Under the impression that his term of office had expired on January 24, 1933, he surrendered his keys and other property pertaining to the office to another who had been in form appointed to the same position. For at least several days the petitioner did not perform any duties, but made application for a return of his contribution to the retirement fund. ˙He has not performed any duties since, although it appears that later he offered to perform them. He now seeks reinstatement to the office and pay for the period beginning with his abandonment of the office. The title to the office cannot be determined in this proceeding for a peremptory mandamus order. (*People ex rel. Sulzer* v. *Sohmer*, 211 N. Y. 565; *People ex rel. McLaughlin* v. *Police Comrs.*, 174 id. 450; reargument denied, 175 id. 496; *People ex rel. Woodill* v. *Tighe*, 145 App. Div. 606; affd., 206 N. Y. 740.) The legality and validity of his appointment pursuant to the provisions of section 1373 of the Greater New York Charter are questioned. (*People ex rel. Domschke* v. *Messenger*, 200 App. Div. 418; affd., 233 N. Y. 687.) A peremptory mandamus order will issue only when the petitioner's legal right thereto is clear. (*People ex rel. McLaughlin* v. *Police Comrs.*, *supra; Matter of Eiss* v. *Summers*, 205 App. Div. 691, 696; *People ex rel. Woodill*,v. *Tighe, supra*.) An office may be abandoned or surrendered through waiver, acquiescence or non user. (*People ex rel. McLaughlin* v. *Police Comrs.*, *supra; Matter of Dawson* v. *Knox*, 231 App. Div. 490, 494.) The question whether the petitioner by his acts and conduct did in fact waive whatever rights he had to the office is in dispute both on the law and the facts. He cannot obtain the remedy he seeks in this proceeding. Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ., concur.

In the Matter of the Application of Alfred R. Bailey, Respondent, for a Peremptory Writ of Mandamus against Charles W. Berry, Comptroller of the City of New York, Appellant; Patrick H. Woods, Appellant.— Appeal dismissed, without costs, on the ground that no controversy now exists. (See *Matter of Bailey* v. *Berry*, ante, p. 771, decided herewith.) Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ.

In the Matter of the Petition of Samuel Cohen and Others, Respondents, for a Determination of the Amount of Damage Sustained by Them by Reason of the Change of Grade of the Public Highway Known as the Boston Post Road, in the Village of Mamaroneck, Westchester County, New York, Appellant.*— Order striking out the two separate defenses contained in the answer of defendant village of Mamaroneck and appointing commissioners to ascertain and determine damage affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ., concur.

---

*Affd., 263 N. Y. 455.