In the Matter of MORRIS FRIEDMAN, Respondent, against JAMES E. FINEGAN et al., Constituting the Municipal Civil Service Commission of the City of New York et al., Appellants.

(Argued May 22, 1935; decided June 4, 1935.)

*Kenneth M. Spence* and *George Rosier* for Municipal Civil Service Commission of the City of New York, appellant. The Municipal Court of the City of New York is a single court and under section 13 of the Civil Service Law (Cons. Laws, ch. 7) only " one clerk and one deputy clerk " of each court is in the statutory exempt class. (*Matter of Meahl* v. *Ordway*, 98 Misc. Rep. 394; *Worthington* v. *London G. & A. Co.*, 164 N. Y. 81; *Matter of Levy*, 192 App. Div. 550; *Degnon* v. *Cook & Wilson*, 98 Misc. Rep. 251; *Ress* v. *Gurinsky*, 80 Misc. Rep. 231; *Krulewitch* v. *Pecarsky*, 159 N. Y. Supp. 827.)

*John J. Bennett, Jr.*, Attorney-General (*Patrick H. Clune* of counsel), for State Civil Service Commission, appellant. The positions in question are capable of being filled by competitive examination and, therefore, should not be in the exempt class. (*Matter of Seeley* v. *Stevens*, 190 N. Y. 158; *People ex rel. Schau* v. *McWilliams*, 185 N. Y. 92; *People ex rel. Sweet* v. *Lyman*, 30 App. Div. 135; 157 N. Y. 368; *Rogers* v. *Common Council of Buffalo*, 123 N. Y. 173; *Hale* v. *Worstell*, 107 App. Div. 624; 185 N. Y. 247; *Kelty* v. *Kaplan*, 205 App. Div. 487; *Matter of Meahl* v. *Ordway*, 98 Misc. Rep. 394.) The action of the Municipal Civil Service Commission and of the State Civil Service Commission was proper and legal. It is final and cannot be set aside. (*People ex rel. Moriarty* v. *Creelman*, 206 N. Y. 570; *People ex rel. Schau* v.

*McWilliams,* 185 N. Y. 92; *Matter of Simons* v. *McGuire,* 204 N. Y. 253; *Matter of Gluck* v. *Rice,* 265 N. Y. 132; *Murray* v. *Kaplan,* 206 App. Div. 202; *Matter of Barthelmess* v. *Cukor,* 231 N. Y. 435; *Matter of Ottinger* v. *State Civil Service Comm.,* 240 N. Y. 435; *Hale* v. *Worstell,* 185 N. Y. 247; *Matter of Meahl* v. *Ordway,* 98 Misc. Rep. 394; *Kelty* v. *Kaplan,* 205 App. Div. 487.) The Municipal Court of the City of New York is no different from any other court of the State, for the purpose of classification and filling positions by competitive examinations. (*Matter of O' Keefe* v. *Clark,* 238 App. Div. 175.)

*H. Eliot Kaplan* and *Albert De Roode* for Martin F. Heneghan et al., intervening defendants-appellants, and the Civil Service Reform Association, *amicus curiæ.* The Municipal Court of the City of New York is a single court. It is not composed of a number of separate courts. (*Haggerty* v. *City of New York,* 267 N. Y. 252; *Worthington* v. *London G. & A. Co.,* 164 N. Y. 81; *Routenberg* v. *Schweitzer,* 165 N. Y. 175; *Matter of Levy,* 192 App. Div. 550; 229 N. Y. 637; *Ress* v. *Gurinsky,* 80 Misc. Rep. 231; *Degnon* v. *Cook & Wilson,* 98 Misc. Rep. 251; *Krulewitch* v. *Percarsky,* 159 N. Y. Supp. 827.) The positions of clerk and deputy clerk in each district are not exempt under subdivision 3 of section 13 of the Civil Service Law, or section 1373 of the New York City Charter. (*Matter of Ottinger* v. *State Civil Service Comm.,* 240 N. Y. 435; *Barlow* v. *Berry,* 245 N. Y. 500; *Hale* v. *Worstell,* 185 N. Y. 247; *Matter of Meahl* v. *Ordway,* 98 Misc. Rep. 394; *Matter of O' Keefe* v. *Clark,* 238 App. Div. 175; *Matter of Nammack,* 145 App. Div. 289; 206 N. Y. 630; *Matter of Phillips,* 139 App. Div. 365; 200 N. Y. 521.) The action of the Commission in classifying the positions of clerk and deputy clerk as competitive is not subject to review by mandamus. (*People ex rel. Schau* v. *McWilliams,* 185 N. Y. 92; *Matter of Gluck* v. *Rice,* 265 N. Y. 132.)

*Samuel M. Ostroff* for respondent. The determination granting the peremptory order of mandamus directing that one clerk and one deputy clerk of each Municipal Court of the City of New York be in the exempt class is correct. (*Matter of Gluck* v. *Rice*, 265 N .Y. 132; *People ex rel. Schau* v. *McWilliams*, 185 N. Y. 92; *Matter of Kilcoyne* v. *Lohr*, 226 App. Div. 218; 252 N. Y. 526; *Matter of O' Keefe* v. *Clark*, 238 App. Div. 175; *Welling* v. *Kaplan*, 242 App. Div. 605.) The Municipal Court system is not one court but is a continuation of the several District Courts and Justices Courts under a new name, and each of the District Courts is a court within the contemplation of subdivision 3 of section 13 of the Civil Service Law. (*Worthington* v. *London G. & A. Co.*, 164 N. Y. 81.)

CRANE, Ch. J. Since 1894 the Constitution of this State, by article V, section 9 (now § 6), has provided as follows: "Appointments and promotions in the civil service of the State, and of all the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive; * * *." The fundamental underlying will of the People as expressed here is that there shall be competitive examinations for all civil service appointments. Exemption is the exception, not the rule. Wherever it is practicable to do so, the Legislature and the commissions, appointed by it, shall provide for competitive examination.

In *People ex rel. McClelland* v. *Roberts* (148 N. Y. 360, 366) this court, through O'BRIEN, J., said: " If the legislature should repeal all the statutes and regulations on the subject of appointments in the civil service the mandate of the Constitution would still remain, and would so far execute itself as to require the courts, in a proper case, to pronounce appointments made without compliance with its requirements illegal."

One of the leading cases in this State upon the civil service is *Chittenden* v. *Wurster* (152 N. Y. 345, 354, 358,

363), wherein this court through HAIGHT, J., said: " Appointments and promotions ' shall be made according to merit and fitness.' This provision is doubtless mandatory."

A few other quotations from this decision may be helpful to get the starting point for the consideration of the matter now before us. " In order to determine whether the examination of a candidate for an office is practicable, we must first ascertain the nature and character of the duties of his position. Having ascertained the facts, the question of exemption then, doubtless, becomes one of law, as was held by the majority of the judges composing the Appellate Division."

Recognizing that it was not practicable to hold competitive examinations for some positions, especially those of a confidential nature, this court further said that if an improper classification were made there was a remedy — " The people are not, however, without a remedy. There is one which is very simple and effective; if the mayor refuses to do his duty, or if he does it improperly, he may be compelled by direct proceeding, as by mandamus, or perhaps in some cases by certiorari, instituted by any resident citizen, to do it in accordance with the requirements of the Constitution and of the statute. The courts have the power to compel the discharge of such duties."

The Legislature, in giving effect to these constitutional directions, has now embodied in the Civil Service Law (Cons. Laws, ch. 7) certain classifications which, of course, must be reasonable and with the main purpose in view in order to be constitutional. We had occasion to refer to this classification in *Matter of Byrnes* v. *Windels* (265 N. Y. 403). Section 13 provides for an exempt class. Deputies of principal executive officers, authorized by law to act generally for and in place of their principals, are exempt from competitive examination. So also is one secretary of each officer, board or commission, authorized by law to appoint a secretary. So, too, one clerk and one deputy

clerk, if authorized by law, of each court and one clerk of each elective judicial officer. Subdivision 4 of this section provides for additional exemptions — all " other subordinate offices for the filling of which competitive or non-competitive examination may be found to be not practicable." (As amd. Laws 1927, ch. 440, § 3.)

These exemptions which may be made by the Legislature or by the Civil Service Commission appointed under its authority must have relation to the duties of the office and not simply to the title which is used. In other words, there must be a reasonable exercise of the power given under the Constitution. With liberality in application it must be that competitive examinations are not practicable for the position or office. There must be something, as indicated in the *Chittenden* case, in the nature of the duties which makes the service either one of confidence or else of such importance that personal selection instead of competitive examination is for the best interests of the public and the fulfillment of the particular duties. In other words, the Legislature cannot act arbitrarily and exempt places from competitive examination at will. The duties must have some relationship to the exemption and the classification must be reasonable.

Difficult it is at all times to place limitations upon power for new circumstances are always arising to extend or restrict the limitations. For the present we may say, bearing in mind the purpose which the Constitution sought to accomplish and to extend the competitive examination principle wherever it can be used, that there must appear to be some fairly good reason to justify an exemption whether made by the Legislature or by the Commission. That the Legislature could not nullify the provisions of the Constitution by exempting all clerks in public service is self evident as intimated in our decision in *Matter of Ottinger* v. *Civil Service Comm.* (240 N. Y. 435, 443), where this court, through CARDOZO, J., said in reference to extended exemptions, " We find no reasonable

basis for a belief that in all the positions, present or future, that exist or may exist in connection with this bureau, there can be no place for a test of efficiency by any form of examination, even as a supplement to tests more intimate and personal. If the Legislature may so declare as to this bureau for no better reason than the need of secrecy, it may say as much of the employees of the district attorneys in every county in the State. By a slight and yet inevitable extension, it may make a like declaration as to other bureaus and departments. No such sweeping exemption within the limits of the administrative departments of the government has ever been proclaimed since the Constitution set bounds to the discretion of the Legislature in the formation of the civil service." And in *Matter of Gluck* v. *Rice* (265 N. Y. 132) we had occasion to decide that the placing of assistant clerks in the Municipal Courts of the city of New York by the Municipal Civil Service Commission in the exempt class calls for the exercise of discretion which this court would not interfere with until a clear legal right to a peremptory order of mandamus to change the ruling appeared in the record. Even then there was a strong dissent in this court.

This brief reference to the cases indicates that the question of exemption, as before stated, is not dependent upon a name or title, but must have reference to the duties to be performed and that exemptions must have reasonable basis for existence.

This case comes before us regarding the clerk and deputy clerk in each of the Municipal Courts of the city of New York. There are fifty-six (56) such positions, there being a clerk and a deputy clerk assigned to each of the twenty-eight (28) districts — Municipal districts, in which there is a Municipal Court. They claim to be exempt by the Civil Service Law, not by a ruling of the Commission. In fact, the Commission has placed them in the competitive class after finding that it is practicable to hold a competitive examination for the places.

These clerks insist that wherever the words " Clerk of the Court or Deputy Clerk " are used, it comes within the meaning of section 13 of the Civil Service Law. We have already referred to the law but at this place it may not be inappropriate to call attention again to the wording of that section — " One clerk, and one deputy clerk if authorized by law, of each court, * * *." The question is, does this mean the Municipal Court as it functions as a court in the city of New York, or does it mean the clerks in each courthouse in the various districts where the Municipal Court sits? The facts of the situation help us at times to give meaning to the intent and purpose of a statute. On one hand, we have the Civil Service Law; on the other hand, we have the creation or division of courts which has been made without reference to the Civil Service Law, and it is our duty, as far as possible, to make these two laws match or work in harmony so as to carry out the purpose and intent of the Constitution.

New York city has had a gradual growth by the annexation of various districts in which there were various courts. These have been consolidated in many instances, and in others, as in the case of the City Court, the jurisdiction of the court has been extended. We have a City Court for the city of New York, and we now have a Municipal Court for the city of New York which has been a consolidation or continuation under a new name and by reorganization of other minor and local courts in the districts annexed to make up the Greater City of New York. (*People ex rel. Schau* v. *McWilliams*, 185 N. Y. 92.) The City Court of New York and the Court of Special Sessions are divided into districts or branches; perhaps we should term them parts or terms, and yet the clerk in each of these branches, or his deputy, does not come within section 13 of the Civil Service Law. Each of these courts has one general clerk and a deputy who are exempt because of the nature of their duties and of the

importance of their functions to the relationship which they bear to the work of the judges.

So, with the General Sessions of the county of New York, there is a clerk who comes within these provisions. Apparently, there are no clerk and deputy clerk for the Municipal Court of the city of New York, such as is provided for the other courts. Within the meaning of section 13, one clerk and one deputy clerk for the Municipal Court have not yet been authorized by law. No such positions have been created. There is a president justice whose duty it is to assign the various justices to sit in the various districts. The Municipal Court Code refers to the Municipal Court as one court. Section 1 provides that there shall be a president justice of *the court.* Section 4 provides for the filling of vacancies " occurring in the office of justice of *this court.*" Section 6 states the jurisdiction of " The municipal court of the city of New York." Subdivision 1 of section 7 provides: " The president justice and the justices of *this court* shall constitute the board of justices * * *. The board may by resolution provide * * * for rules *of court.*" Subdivision 2 reads: " The president justice * * * in addition to the exercise of all the other powers of a justice of *this court* * * * shall exercise general superintendence over the business of the court, and shall establish and supervise a system of keeping *records of the court* * * *. The president justice shall also designate an attendant of *such court* to act as attendant of the board of justices." We find in subdivision 3 the authority of the president justice " to make * * * rules controlling calendar practice; to classify actions * * * by character or amount * * *; to designate a district or districts * * * where special classes of cases shall be tried * * *; to designate a district or districts * * * where * * * special classes of motions shall be noticed and heard * * *; to establish jury parts * * *; to transfer cases from one district to

another in the same borough; to determine on what days and at what hours *court* shall be held in any district in each borough * * * and to designate what part or parts shall be held in each district."

We think it fairly to be inferred from these various acts relating to the Municipal Court that there was an attempt to harmonize and make uniform the judicial system of minor courts throughout the city of New York. Legislation has aimed for New York city, since its annexation of adjoining cities and towns, a unification and symmetry throughout the offices of the greater municipality. We have the city of New York covering the entire territory, although the judges are elected in restricted districts. Magistrates and Special Sessions judges are on a uniform basis. Why should the Municipal Court hold any different position? Of course, when the city of Brooklyn was separate and distinct as a corporate entity, there were separate and distinct courts under the city government or within its territory, and it is also true that these justices' courts were consolidated with the courts in New York, and made the Municipal Court. This was a reorganization and consolidation or, as stated by the respondent, it was a continuation of the courts, but names and titles mean little. The court became the Municipal Court, reorganized by new laws, and we think that it is decidedly evident that the Municipal Court, as such, is one court and that the districts in which there is a Municipal Court have been created for convenience, as has been done with other courts. If there be no head clerk or deputy clerk for this Municipal Court, it is because the law has not created such position. We do not think within the meaning, and this is the point — within the meaning of section 13 of the Civil Service Law, the fifty-six (56) clerks and deputy clerks holding positions under the charter in the various districts constitute the one clerk and one deputy of a court within the meaning of the Civil Service Law creating exemptions.

The charter of the city of New York (Laws of 1901, ch. 466, as amd.), section 1373, reads as follows, and upon this the respondents apparently rest their case:

"Municipal court of the city of New York; clerks, deputy clerks and assistant clerks. § 1373. The clerks, deputy clerks and assistant clerks, stenographers, interpreters, attendants and other employees of the municipal court of the city of New York in office when this act takes effect shall continue to hold office for the remainder of the respective terms for which they were appointed. There shall be a clerk and a deputy clerk in each district. * * * The successors of any clerks, deputy clerks or assistant clerks at the time this act shall take effect, shall be appointed in each district by the justice or justices thereof for a term of six years from the date of appointment. * * * " (Amd. Laws of 1929, ch. 235.)

The use here of the words "clerk and deputy clerk in each district" does not create these offices the "clerk and deputy clerk" of *the* Municipal Court within the meaning of the Civil Service Law exemption. In fact, there is nothing in this record to show what are the duties of these clerks in the Municipal Court. Reliance is placed entirely upon the name. Nor does it appear that it is not practicable or reasonable to hold competitive examination for the places. We are simply told that because they are called "clerk and deputy clerk *in each district*" they are, therefore, exempt by statute. In *Matter of O'Keefe* v. *Clark* (238 App. Div. 175) assistant clerks in the Municipal Court sought to be classified as exempt. It was held that they had failed to establish that the position is one involving trust and confidence or that it was impracticable to select appointees from the competitive class.

We have been unable to find anything in the record before us, and were unable to learn from the argument wherein the duties of assistant clerk differ from those of a deputy clerk or the clerk in the various districts where

the Municipal Court sits. Neither is there anything in the record to show us what the duties are, or that a competitive examination is impracticable.

We are of the opinion, therefore, that the classification made by the Municipal Civil Service Commission in placing these positions in the competitive class must stand and that the courts have been in error in holding that they are exempt under the provisions of section 13 of the Civil Service Law.

The order of the Appellate Division and that of the Special Term should be reversed and the application denied, with costs in all courts.

LEHMAN, O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Orders reversed, etc.