In the Matter of the Application of RICHARD WELLING, Petitioner, for an Order against PELHAM ST. GEORGE BISSELL and Others, Respondents.

Supreme Court, Trial Term, New York County, May 2, 1939.

*E. Eliot Kaplan* [*Raymond Rubin* of counsel], for the petitioner.

*Powers, Kaplan & Berger* [*David A. Ticktin* of counsel], for the respondents.

BERNSTEIN, J.   The petitioner in this proceeding has applied for an order in the nature of mandamus commanding the justices of the Municipal Court of the City of New York, elected in and for the districts of the borough of Manhattan, to desist from continuing one George J. Weppler in the position of clerk of the Municipal Court for the Fourth District in said borough, and directing them to fill the vacancy claimed to exist in said position by the appointment of a person from the eligible list certified to them by the municipal civil service commission.   The Special Term has granted an alternative order and directed a trial of the issues. Since that time the parties have agreed upon the facts and submitted the proceeding for a determination on the law.

Briefly, the facts are these: On September 7, 1931, one William Murphy was appointed clerk of said court for a term of six years under the provisions of section 1373 of the then existing charter of the city (Greater N. Y. Charter, § 1373), and served as such until his death, on November 3, 1934.   At the time of his appointment the position was in the exempt class, but in August, 1934, it was transferred to the competitive class.

Under the charter section referred to, it became the duty of the justices of the court in and for the Fourth District to appoint Murphy's successor within thirty days after his death, and, on November 24, 1934, they appointed Weppler under a certificate which fixed his term of office at six years from November 26, 1934. Weppler thereupon qualified and has been acting as such clerk and performing all of the duties of the office ever since.

At the time of Weppler's appointment there was no competitive eligible list for the position of clerk, but such a list was promulgated by the municipal civil service commission on April 17, 1935, and Weppler's name was not included in such list.   The reclassification of the position having meanwhile been challenged in the courts, the commission continued to approve the payment of Weppler's salary and he was paid such salary regularly until July 15, 1935, shortly after the reclassification was sustained by the Court of Appeals.   (*Matter of Friedman* v. *Finegan,* 268 N. Y. 93.)   Since then he has been denied compensation under the claim that he has been holding his office illegally.   The petitioner herein sets up the same claim in seeking the order in this proceeding.

The respondents contend that since they were required to make an appointment within thirty days of the occurrence of the vacancy

and since there was no competitive eligible list in existence at the time, the justices in and for the Fourth District had a right to make such appointment under the provisions of sections 30 and 38 of the Public Officers Law for the unexpired time of Murphy's term ending September 6, 1937 (*Stuber* v. *Coler*, 164 N. Y. 22; *People ex rel. Domschke* v. *Messenger*, 200 App. Div. 418), and that his tenure of office since then has become valid under section 1373 of the Greater New York Charter (as amd. by Laws of 1937, chap. 716, effective May 28, 1937), which continued him as a hold-over.

Respondents' first contention is untenable because it ignores another law which is applicable to the situation, the Civil Service Law. That law provides for two methods of filling vacancies in the competitive class where there is no list of persons eligible for appointment. Under one of them the appointment is provisional and limited to four months. Under the other it is provisional and limited to two periods of fifteen days each. (Civ. Service Law, § 15; Rules of Mun. Civ. Service Comm. rule 5, § 9.) Under that law and the rules applicable thereto the appointment of Weppler could only be a provisional appointment limited to no more than four months, to wit, March 25, 1935. As a provisional appointment it could not ripen into a permanent appointment. (*Koso* v. *Greene*, 260 N. Y. 491.) It could only become permanent by compliance with the provisions of the Civil Service Law. (*Matter of Sandford* v. *Finegan*, 276 N. Y. 70; *Matter of O' Keefe* v. *Clarke*, 238 App. Div. 175.)

The respondents' second contention is equally untenable in that chapter 716 of the Laws of 1937 is inapplicable to the case. That statute was intended to continue one legally in office on its effective date. It cannot serve to continue Weppler, whose legal tenure of office ended March 25, 1935, under the authorities hereinabove cited. Otherwise it would defeat the entire scheme of civil service and nullify the constitutional provisions in regard thereto. (*Matter of Ackerman* v. *Kern*, 256 App. Div. 626.)

Weppler recently applied to this court for a mandamus order to compel the municipal civil service commission to certify to his service and his right to compensation and such application was denied. (*Matter of Weppler* v. *Kern*, 170 Misc. 933.) The logic and reasoning of the learned justice in denying such application strongly support the conclusions reached here.

The petitioner may have a peremptory order of mandamus as prayed for in his petition.

Submit order on notice.